**STATE of Minnesota, Respondent,**

v.

**Michael Dennis FERRARO, Appellant.**

**No. 49465.**

Supreme Court of Minnesota.

March 7, 1980.

C. Paul Jones, Public Defender, Linda Matthews Britton and Susan Maki, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before OTIS, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

OTIS, Justice.

Defendant Michael Dennis Ferraro was convicted by a jury of theft of property with a value greater than $100.00, a violation of Minn.Stat. § 609.52 (1978). He appeals challenging the admission of evidence seized without a warrant, the propriety of a jury instruction, and the sufficiency of the evidence. We affirm.

During the afternoon of Tuesday, March 14, 1978, a police officer observed defendant's white window van in the parking lot of Maplewood Plaza, a Maplewood, Minnesota, shopping mall. But for one digit in the license number, the van matched the description of a vehicle involved in the theft of a chair from a local department store four days earlier.

Before the policeman could maneuver into a better observation position, defendant left the mall and drove away. After a description of the vehicle was broadcast, the van was pulled over alongside an interstate highway. After the officers saw that defendant substantially matched the description of the suspect in the earlier theft, he was arrested, informed of his rights, and placed in a squad car.

Following the arrest, a police officer peered into the van through one of its many windows. Among the van's contents, he saw a cardboard box that contained several apparently new racquetball racquets with double price tags and labels bearing the name "Kokesh," a chain of sporting goods

stores. Police contacted the Kokesh store at Maplewood Plaza, where defendant was first observed that day, and store employees reported that at least one and possibly more racquets were unaccountably missing. Defendant was then arrested for theft of the racquets. The arresting officers seized five racquets with retail prices ranging from $38.95 to $42.95.

An inventory check later indicated that at least three, and probably more, racquets were missing. A store employee also identified defendant as having been in the store that afternoon.

■■■ 1. Defendant's claim that the racquets were seized illegally and should have been suppressed is meritless. The stop of defendant's van was based on reasonable, articulable suspicion. *State v. McKinley,* 305 Minn. 297, 232 N.W.2d 906 (1975).[1] After the vehicle was stopped alongside a busy highway, the racquets were open to plain view and the police observation was proper. *State v. Smith,* 261 N.W.2d 349, 352 (Minn. 1977). The subsequent seizure was made only after additional information was obtained from the Kokesh store, and was reasonable because probable cause existed and exigent circumstances were present due to the inherent mobility of the van. *State v. Roy,* 265 N.W.2d 663 (Minn.1978).

■■ 2. Defendant argues secondly that the trial court erred by instructing the jury:

Possession of property recently stolen, if not satisfactorily explained [or if falsely explained], is ordinarily a circumstance from which the jury may reasonabl[y] draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

The trial court also cautioned the jury that they were not required to draw the inference and that they were to be the sole judge of the truth of any explanation.

■ We find no error. The instruction accurately represents the law in this state. *See State v. Bagley,* 286 Minn. 180, 175 N.W.2d 448 (1970). It was carefully phrased so that the jury would not confuse the permissive inference for a conclusive presumption or think that the burden of persuasion had shifted. Instructions such as this are acceptable when the trier of fact remains free to credit or reject the inference. *County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). Moreover, the instruction does not interfere with the right against self-incrimination. *Barnes v. United States,* 412 U.S. 837, 845–47, 93 S.Ct. 2357, 2362–63, 37 L.Ed.2d 380 (1973).[2]

■■ 3. Finally defendant challenges the sufficiency of the evidence to sustain the verdict, and specifically, the finding as to the value of the racquets. Concerning the value of the racquets, the retail prices of the racquets were introduced into evidence. Such prices are not *conclusive,* but normally, as in this case, they are *sufficient* to sustain a finding as to the value of stolen property. *State v. McDonald,* 312 Minn. 320, 323, 251 N.W.2d 705, 707 (1977).

In all other respects as well, the record, taken in the light most favorable to the jury's verdict, supports this conviction.

Affirmed.

---

1. *See also Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

2. In *Barnes* the Supreme Court allayed the concerns about such instructions we noted in *State ex rel. Riendeau v. Tahash,* 276 Minn. 26, 33 n. 7, 148 N.W.2d 557, 562 n. 7 (1967).