STATE of Minnesota, Respondent,

v.

Kevin Palmer DUEA, Appellant.

No. C3–87–1022.

Court of Appeals of Minnesota.

Oct. 27, 1987.

**514**

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Melissa Sheridan, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by NORTON, P.J., and MULALLY, and LOMMEN, JJ.,* with oral argument waived.

## OPINION

A. PAUL LOMMEN, Judge.

This appeal is from a judgment of conviction for felony theft (amount over $250), Minn.Stat. § 609.52, subds. 2(1) and 3(2) (1986). Appellant Kevin Duea was sentenced to 18 months' imprisonment, a four-month downward durational departure. We affirm.

## FACTS

On the evening of October 15, 1986, Steven Nappa, a service man with Northern States Power (NSP), discovered a toolbox missing from his service van, parked outside a residence in St. Cloud. Nappa was on a service call, and had completed his work inside the house, brought his toolbox out to his van, and re-entered the residence to present a bill to the resident. Nappa

left the door of the van open. When he returned to the van, the door was still open and the toolbox was gone. Nappa informed the resident, who searched the house, and then called the police.

The call for assistance was broadcast on the police radio at 8:53 p.m. Officer Kelvin Keena, who was patrolling a few blocks away, arrived within 20 seconds of the call, according to his estimate, and within 2 minutes, according to Nappa. Keena told Nappa to get into the squad car and they would drive around the neighborhood looking for his tools, since the theft was so recent.

Keena and Nappa entered the marked squad car, and started driving. They immediately noticed a male, later identified as appellant Kevin Duea, walk out of the alley which ran behind the residence Nappa had been servicing. Keena pulled the squad car up alongside Duea and noticed he was carrying a tray full of tools, with some tools sticking out of his pockets. He asked to talk with him, but Duea indicated he did not want to talk, and then turned around and began walking the opposite direction. Nappa testified Duea resisted talking to the officer; Keena testified he was belligerent.

Keena then got out of the car, approached Duea and removed the tools after a pat-down search. Nappa identified the tools as his from the name and initials marked on them. Another officer then found the toolbox between two garages in the alley from which Duea had emerged.

Following his arrest, Duea agreed to talk, and stated he had found the tools in the alley while walking home. He indicated he was going to turn them in. Officer Keena testified the address Duea gave was south and west of the alley, while Duea was observed walking north out of the alley. Duea was released at the police station. When his property was returned to him, Keena testified Duea volunteered that a pair of pliers belonged "in the gray box." Duea had not seen the recovered toolbox at that point, or been told of its color, according to Keena.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUES

1. Was the evidence sufficient to support the conviction?

2. Did the prosecutor commit prejudicial misconduct?

## ANALYSIS

### I.

Duea contends the evidence was insufficient to establish two elements of the offense of felony theft, identity and intent. This court must view the evidence in the light most favorable to the verdict and assume the jury disbelieved any contrary testimony. *State v. Parker,* 353 N.W.2d 122, 127 (Minn.1984).

Duea contends the evidence was insufficient to establish he was the person who took the tools from Nappa's van.

The theft statute reads in part:

Whoever does any of the following commits theft * * *:

(1) intentionally and without claim of right takes, uses, transfers, conceals *or retains possession* of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property * * *.

Minn.Stat. § 609.52, subd. 2(1) (1986) (emphasis added). The statute does not require the state to prove a taking of the property, nor was the jury instructed that, in order to convict, it had to find Duea took the toolbox from the NSP van. It was sufficient that he took the tools found in his possession from the toolbox in the alley, as he described, if he did so knowing they belonged to another, and with an intent to permanently deprive the owner of possession.

On the issue of intent, Duea contends the circumstances are not sufficient to establish his guilt. However,

[i]t is well established that unexplained possession of stolen property within a reasonable time after a burglary or theft will in and of itself be sufficient to sustain a conviction.

*State v. Bagley,* 286 Minn. 180, 188, 175 N.W.2d 448, 454 (1970); *see also Hanson v. State,* 344 N.W.2d 420, 424 (Minn.Ct.App. 1984).

Duea gave a statement after his arrest in which he claimed he found the tools and "probably" would have turned them in to police. However, he had stuffed some of the tools in his pocket, he resisted talking to a police officer when he was approached, and he gave an inadequate explanation for his possession of the tools. In particular, he was walking in a direction opposite to that of his claimed destination. This evidence was sufficient to establish the required intent. *See State v. Hardimon,* 310 N.W.2d 564, 566 (Minn.1981) (intent is generally to be determined from defendant's words, if any, and actions in light of all surrounding circumstances). Duea's unexplained possession of the tools was a circumstance bearing also on his knowledge of the stolen nature of the property. *State v. Ferraro,* 290 N.W.2d 177, 179 (Minn.1980).

In order for a conviction to be based entirely on circumstantial evidence, the circumstances must be inconsistent with any rational hypothesis other than defendant's guilt. *State v. Morgan,* 290 Minn. 558, 561, 188 N.W.2d 917, 919 (1971). Intent, however, which is generally proved by circumstantial evidence, is only one element of the offense. The state proved other elements of the offense by direct evidence. Evidence of intent need not be conclusive in order to sufficiently support the conviction, as it did here.

### II.

Duea contends that comments by the prosecutor in closing argument allegedly referring to his failure to offer testimony were prejudicial misconduct. Duea did not object to these statements at trial. *See State v. Russell,* 330 N.W.2d 459, 461 (Minn.1983) (failure to object to prosecutor's argument ordinarily constitutes waiver of issue on appeal).

The prosecutor's argument referred to a lack of "testimony" on Duea's

explanation for his possession of the tools. The context of the argument, however, is the circumstances of Duea's confrontation with Officer Keena, and the lack of any explanation offered at the scene for possession of the tools. As the supreme court recognized in *Bagley*, it is the *unexplained* possession of stolen property which raises the inference of intent. *Bagley*, 286 Minn. at 188, 175 N.W.2d at 454. The defendant's words and conduct when confronted with his possession may be used against him without violating the right against self-incrimination. *See Barnes v. United States*, 412 U.S. 837, 846, 93 S.Ct. 2357, 2363, 37 L.Ed.2d 380 (1973) (Fifth Amendment right is not violated by common law inference of intent from possession without plausible explanation). There was no prejudicial misconduct in the prosecutor's reference.

### DECISION

The evidence was sufficient to sustain the conviction for felony theft. The prosecutor did not commit prejudicial misconduct.

Affirmed.