**Ronald Winston LAING, Defendant–Appellant,**

v.

**UNITED STATES of America, Plaintiff–Appellee.**

**No. 89–1206EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Dec. 14, 1989.

Rehearing and Rehearing En Banc Denied Jan. 24, 1990.

---

Bill Luppen, Little Rock, Ark., for defendant-appellant.

Robert J. Govar, Little Rock, Ark., for plaintiff-appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

On March 31, 1988, Detective Kirk Lane of the Narcotics Division of the Pulaski County Sheriff's Office, received information from the manager of the La Quinta Inn located in Little Rock, Arkansas concerning suspicious activity demonstrated by the frequency of persons going in and out of a room rented and occupied by appellant, Ronald Winston Laing. At approximately 3:00 p.m., Detective Lane, and Detective Maddox, also with the Pulaski County Sheriff's Office, commenced surveillance on appellant's room (Number 141). The detectives sought information on Laing from their supervisor, Officer Campbell, who subsequently informed the detectives, in person, that the North Little Rock Police Department had a pend-narcotics investigation concerning Laing and that he had an outstanding traffic warrant for his arrest. During the surveillance, Laing requested another room from motel management, which was granted. Prior to Laing occupying the new room (Number 151), the detectives searched it, finding no controlled substances therein. At approximately 6:45 p.m., Laing left the motel by automobile.

The detectives continued surveillance on Laing's room during his absence. At approximately 8:50 p.m., Laing returned to the motel, whereupon Detectives Lane and Maddox arrested him in the motel parking lot on the outstanding traffic warrant. La-

---

* The HONORABLE ROY W. HARPER, Senior U.S. District Judge for the Eastern District of        Missouri, sitting by designation.

ing was subsequently escorted to the room adjacent to Room 151, where he was provided *Miranda* warnings. The detectives then asked Laing if he would consent to a search of his room (Room 151). Laing consented and signed a written consent form containing specific reference to his right to refuse consent. The detectives' subsequent search of the room resulted in the seizure of approximately 75 grams of cocaine and an Ohaus triple beam scale.

On August 16, 1988, Laing was indicted by the Federal Grand Jury on two counts of possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Prior to trial, Laing moved to suppress the drug and non-drug evidence seized from Room 151, arguing that the arrest was pretextual to the search and that his consent to the search was involuntary.

On October 21, 1988, United States District Judge Woods orally denied Laing's motion after an evidentiary hearing. Laing then pleaded guilty to one count of possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), conditioned upon his right to appeal the District Court's denial of his motion to suppress evidence, as provided for in Rule 11(a)(2), Fed.R.Crim.P.

On January 12, 1989, Laing was sentenced by Judge Woods to forty-one months in a federal penitentiary and three years of supervised release. On January 23, 1989, Laing timely filed a notice of appeal with the District Court appealing the District Court's denial of his motion to suppress.

On appeal, Laing contends that the District Court erred in denying his motion to suppress evidence, arguing that the seizure of such evidence resulted from a pretextual arrest arising from an outstanding warrant for a traffic violation. Laing further argues that the subsequent consent to the search of his motel room was not given voluntarily due to alleged deception on the part of the arresting officers.

█ The applicable standard of review by this Court concerning the District Court's denial of Laing's motion to suppress which raised the issues of whether Laing's arrest was pretextual and whether his subsequent consent to the search of his motel room was voluntary, is the clearly erroneous standard. *Maryland v. Macon*, 472 U.S. 463, 470, 105 S.Ct. 2778, 2782, 86 L.Ed.2d 370 (1985) (quoting *Scott v. United States*, 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1976); *United States v. Turpin*, 707 F.2d 332 (8th Cir.1983). Under this standard, the District Court's decision must be affirmed unless it lacks substantial evidence to support it, it involves an erroneous view of applicable law, or upon considering the entire record, we are left with the definite and firm conviction a mistake has been made. *See United States v. Ross*, 713 F.2d 389, 392 (8th Cir. 1983).

█ An arrest may not be used as a pretext to search for evidence. *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). The search must have at least some relation to the matter and purpose of the arrest. *Taglavore v. United States*, 291 F.2d 262 (9th Cir.1961).

█ The record discloses the following relevant facts to the issue of whether the search of appellant's motel room was facilitated solely on a pretextual arrest arising from an outstanding traffic warrant. Detective Lane received a phone call from the motel clerk about heavy traffic in and out of appellant's room; Detectives Lane and Maddox set up surveillance on the room, and subsequently received information about an ongoing narcotics investigation being conducted by the North Little Rock Police Office and an outstanding traffic warrant for appellant's arrest; the detectives arrested appellant on the outstanding traffic warrant after he returned to the motel parking lot; the detectives returned appellant to the room adjacent to Room 151 and provided him written *Miranda* warnings; the detectives then asked for appellant's consent to search Room 151; the detectives subsequently received appellant's signature on the search consent form; and the detectives then searched the

room and found and seized evidence of drugs.

Clearly, the detectives' subsequent search of appellant's room following his arrest on the traffic warrant had no relation or purpose regarding the subsequent search for drugs. *United States v. Hollman*, 541 F.2d 196 (8th Cir.1976). No purpose was served by searching appellant's motel room concerning his arrest on the traffic warrant. Obviously, then, the District Court could not have based its denial of appellant's suppression motion on a finding of no pretext.

This Court is, however, required to further consider, upon a finding of pretext, whether appellant's consent to the search was voluntary, a cure for pretextual arrest. *United States v. Hollman, supra; United States v. Smith, supra.* A warrantless search conducted with a valid consent does not violate the fourth amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The test applied in considering whether consent to search is voluntary is whether, in the totality of all the circumstances, consent to search is given voluntarily without coercion. *United States v. Archer*, 840 F.2d 567, 573 (8th Cir.1988); *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir.1980); *United States v. Matthews*, 603 F.2d 48 (8th Cir.1979); *see also Schneckloth, supra.* The government has the burden to establish that appellant's consent was freely and voluntarily given and not a result of duress or coercion. *United States v. Matthews, supra.*

The Supreme Court in *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), set out the following factors to consider when applying the totality of the circumstances review: Proof or a claim of an overt act or threat of force against appellant in securing consent; promises made to appellant; an indication of more subtle forms of coercion flawing appellant's judgment; consent is given in the confines of the police station; proof that appellant did not know that he could withhold consent; an indication from the record that appellant was a newcomer to the law or was mentally deficient or unable in the face of the custodial arrest to exercise free choice; and the circumstances surrounding the provision of *Miranda* warnings that raises the possibility of impropriety on the part of the officers.

The record is clear that the government successfully established that none of the Watson factors were present in regard to Laing's consent to the search of his motel room. Laing admitted that he signed the consent form that contained the explicit refusal language, that he understood that he had the right to refuse, that no force or violence or threat thereof was made by the detectives, and that his subsequent consent was fully voluntary.

Therefore, upon review of the entire record, we conclude that the district court's denial of Laing's suppression motion was not clearly erroneous and we affirm Laing's conviction.