STATE of Minnesota, Respondent,

v.

Larry Brian OLSON, Appellant.

No. C6–90–831.

Court of Appeals of Minnesota.

Feb. 19, 1991.

Review Granted April 18, 1991.

Michael K. O'Tool, North Suburban Law Offices, Maplewood, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Thomas J. Simmons, Renville County Atty., Tara E. Keehr, Asst. County Atty., Olivia, for respondent.

Considered and decided by KLAPHAKE, P.J., and POPOVICH * and NIERENGARTEN,** JJ.

## OPINION

KLAPHAKE, Judge.

Larry Brian Olson appeals from judgment and denial of postverdict motions following his conviction for possession of marijuana in the second degree. Olson claims he was subjected to an unconstitutional, pretextual arrest, and a nonconsensual entry of the farmhouse he was staying in at the time of his arrest. Additionally, Olson contends the statute under which he was convicted, and the statute allowing a permissive inference of possession, violate his constitutional rights. We affirm.

## FACTS

On June 18, 1989, a county agricultural agent investigating a weed complaint entered a farmhouse in Renville County. The agent observed marijuana scattered about the house. He reported this to his superior who in turn informed the County Sheriff's Office and the Renville County Attorney. No action was immediately taken due to the manner in which the drugs were discovered.

A deputy unsuccessfully attempted to contact someone at the farm on several occasions. During periodic surveillance, authorities saw a blue Camaro parked near the house. A background check on the

---

* Retired Chief Justice acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10, and Minn.Stat. § 2.724, subd. 3 (1990).

** Wm. J. Nierengarten, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

owner of the Camaro referenced appellant Olson. When the blue Camaro was again seen on the property, deputies found Olson and a young boy disking weeds with a tractor. Olson identified himself, and the deputies informed him of the earlier break-in, asked if anything was missing, and offered to take a look around the premises. Olson declined their offer and indicated nothing was amiss.

A background check on Olson revealed an outstanding warrant for failure to appear on a driving after suspension violation in Ramsey County. The sheriff's office continued drive-by surveillance until September 28, when the blue Camaro was again observed outside the farmhouse. The sheriff and a deputy then served the arrest warrant, which they had again checked and found to be outstanding.[1]

When Olson answered the door, the officers informed him he was under arrest pursuant to the outstanding warrant. The officers told Olson he had to come along with them, and asked him, as he was clad only in blue jeans, whether he wanted to get his shirt and shoes. The officers testified they informed Olson that if he wished to re-enter the house to recover any of his belongings, they had to accompany him. The officers claim Olson's reply was "fine, come on in." Olson's testimony directly contradicts the officers' testimony and alleges he was forced into the house.

Once in the house, the officers observed what appeared to be a relatively large marijuana processing operation. They saw large amounts of marijuana and firearms in plain view. The officers obtained a search warrant and found a large growing operation in outbuildings on the farm, in addition to drying and packaging facilities in the house. In total, authorities confiscated nearly 150 pounds of marijuana.

At trial, Olson contended he had no actual or constructive knowledge of the marijuana processing operation. He claimed merely to be a hired hand, responsible for disking weeds, trapping rodents, and other such tasks. A jury found Olson guilty of possession of marijuana in the second degree, Minn.Stat. § 152.022, subd. 2(4) (Supp.1989). This appeal is from the conviction and denial of post-conviction motions.

## ISSUES

1. Did the trial court err in finding Olson consented to a search of the farmhouse?

2. Is Minn.Stat. § 152.022, subd. 2(4) unconstitutionally vague?

3. Is Minn.Stat. § 152.028, subd. 1, unconstitutionally vague or does it create an impermissible presumption so as to violate Olson's right to due process?

4. Does the record contain evidence sufficient to support a guilty verdict?

## ANALYSIS

### I.

Olson claims his arrest on the Ramsey County warrant was a pretext to search the premises. We need not address this argument, however, because we conclude that Olson consented to the search. *See Laing v. United States*, 891 F.2d 683, 686 (8th Cir.1989). Where a defendant's consent to a search is challenged, the state must establish voluntary consent through a review of factors which include:

Proof or a claim of an overt act or threat of force against appellant in securing consent; promises made to appellant; an indication of more subtle forms of coercion flawing appellant's judgment; consent is given in the confines of the police station; proof that appellant did not know that he could withhold consent; an indication from the record that appellant was a newcomer to the law or was mentally deficient or unable in the face of the custodial arrest to exercise free choice; and the circumstances surrounding the provision of *Miranda* warnings that raised appeared in the police files.

1. It was subsequently discovered the warrant was no longer in effect and mistakenly appeared in the police files.

es the possibility of impropriety on the part of the officers.

*Id.* (citing *United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 828, 46 L.Ed.2d 598 (1976)).

The record shows Olson was no newcomer to the law. He was, at the time of his arrest, a felon on probation. There is no evidence of mental defect which invalidates his consent. The testimony of Olson and the arresting officers, however, conflicted as to the circumstances of the arrest. Essentially, Olson claimed the officers coerced him into entry. The officers, who gave identical testimony, claimed consent. The court chose to accept the officers' version of the facts.

On review, a trial court sitting as a finder of fact is given the same deference as a jury, and this court will not disturb its findings where the evidence reasonably supports them. *Johnson Bldg. Co. v. River Bluff Dev. Co.,* 374 N.W.2d 187, 194 (Minn.App.1985), *pet. for rev. denied* (Minn. Nov. 18, 1985). As finder of fact, the trial court is considered the best judge of witness credibility, absent a clear abuse of discretion. *Id.* This court observes no such abuse of discretion in accepting the officers' testimony as more trustworthy than Olson's testimony. The trial court's finding of consent to the initial search of the premises is affirmed.

## II.

■ Olson argues the statute under which he was convicted, Minn.Stat. § 152.022, subd. 2(4), is unconstitutionally vague because it omits a definition of possession. The statute previously contained such a definition, until it was repealed in 1989. *See* Minn.Stat. § 152.09, subd. 1(2) (1988). However, the pre-repeal language remains the recommended language in the jury instruction guides. *See* 10A Minnesota Practice, CRIM.JIG 20.06 (1990).

■ The void-for-vagueness doctrine requires that a penal statute define the offense with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discrimi-natory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). A vague law traps the innocent because it does not provide "adequate warning of unlawful conduct and [unleashes] the potential for unfair and uneven law enforcement by not establishing minimal guidelines." *State v. Becker,* 351 N.W.2d 923, 925 (Minn.1984) (citing *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972)). However, unless the statute proscribes no comprehensible course of conduct at all, it will be upheld. *Becker,* 351 N.W.2d at 925.

We believe the commonly understood meaning of the words of the statute clearly proscribe a course of conduct. *See In re Welfare of D.D.S.,* 396 N.W.2d 831, 832 (Minn.1986). Additionally, the definition of possession in this context has been construed by our supreme court and the same construction must be applied to subsequent laws. Minn.Stat. § 645.17(4) (1990). Specifically, possession means "defendant consciously possessed the substance, either constructively or physically, [and] defendant had actual knowledge of the substance's nature." *State v. Florine,* 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). Under this standard, the boundaries of acceptable prosecutorial charging practices have been clearly established. Considering the presumption of constitutionality of the statute and considering the similarity between the commonplace meaning of possession and the jury instruction definition, we observe no basis for Olson's claim of unconstitutional vagueness.

## III.

■ Olson also argues the jury instruction referencing Minn.Stat. § 152.028, subd. 1, creates an impermissible presumption violating due process, and is unconstitutionally vague. The trial court's instruction reads as follows:

The presence of a controlled substance in open view in a room, other than a public place, under circumstances evincing an intent by one or more of the persons present to unlawfully mix, com-

pound, package or otherwise prepare for sale the controlled substance permits the factfinder to infer knowing possession of the controlled substance by each person in close proximity to the controlled substance when the controlled substance was found.

Minn.Stat. § 152.028, subd. 1.

■ We note as a preliminary matter that the statute is evidentiary, not penal. The standard of certainty required for a non-penal statute is much lower than that required for a statute that imposes a criminal penalty. *Kolender*, 461 U.S. at 358 n. 8, 103 S.Ct. at 1859 n. 8.

Olson contends the term "residence" is without sufficient definiteness to warn of proscribed activities. As a reading of the statute indicates, the term "residence" never appears in the body of the statute, and thus renders Olson's objection baseless. While the term does appear in the headnote to the statute, we note headnotes are not incorporated into the letter of the law. Minn.Stat. § 645.49 (1990).

■ Olson claims the statute should apply, if at all, only to a single room. Even if we agreed with this position, we do not believe the statute in any way undermines the jury verdict. All of the marijuana found on the farm can be connected to Olson through application of the jury instructions on "possession", as affirmed earlier in this opinion. There is no basis for Olson's contention that Minn.Stat. § 152.028, subd. 1, as applied, is unconstitutionally vague.

■ Minn.Stat. § 152.028, subd. 1, does not create an impermissible presumption; it merely provides a permissive inference. *State v. Ferraro*, 290 N.W.2d 177, 179 (Minn.1980). "Instructions such as this are acceptable when the trier of fact remains free to credit or reject the inference." *Id.* The United States Supreme Court, considering an even more strongly worded presumption in a New York law, found that permissive inferences generally do not affect the burden of proof. The Court stated:

Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the beyond a reasonable doubt standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

*County Court of Ulster County v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979).

There is no violation of due process here since the inferences reasonably follow from the facts presented. The inference here provides "substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1968). Specifically, the facts leading to the inference show Olson was the only person present in the house full of marijuana, and in fact, was the only person ever observed on the property. Testimony at trial showed the marijuana plants required, and obviously received, regular manual watering and care. Olson admitted to sleeping at the premises on a number of occasions, and admitted having access to, and actually using tools and other implements on the farm. In view of the totality of the circumstances, we conclude the evidence warranted the permissive inference instruction. *See Ferraro*, 290 N.W.2d at 179.

In addition, the trial court properly cautioned and instructed the jury on the burden of proof and the presumption of innocence. We believe this instruction provided adequate protection of Olson's constitutional rights.

## IV.

■ Olson claims the trial court abused its discretion by denying his post-trial motion for a new trial or judgment of acquit-

tal. He claims the evidence did not justify the verdict.

The jury heard three days of evidence in this trial. The trial court is in the best position to evaluate the evidence and to determine whether any prejudicial error occurred. After a thorough review of the record, we agree with the trial court that the evidence clearly justified the verdict.

DECISION

Affirmed.