972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Wali MUHAMMED, also known as Willie Johnson, also known as
Clyde M. Adams, III, Appellant.
 No. 92-1844EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 22, 1992.
Filed: August 3, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wali Muhammed entered a conditional guilty plea to unauthorized use of access devices after the district court[1] denied his motion to suppress evidence and his motion to dismiss the indictment. He now appeals the denial of these motions. We affirm.
 
 
 2
 On December 9, 1991, a grand jury indicted Muhammed on charges of unauthorized use of access devices (American Express and Optima cards), mail fraud, and use of a false social security number. Muhammed moved to suppress handwriting exemplars and fingerprints obtained following his arrest on state charges and to dismiss the indictment for a violation of the Speedy Trial Act. He argued that the evidence should be suppressed because (1) his arrest by federal secret service agents violated state law which required the arresting officers to serve him with a copy of the state warrant at the time of arrest, and (2) the agents arrested him for a state parole violation as a pretext to obtain evidence against him in their credit card fraud investigation. He also argued the indictment should be dismissed because it was not returned within thirty days of his arrest as required by 18 U.S.C. § 3161(b) (1988).
 
 
 3
 Following a hearing at which Muhammed, the federal agents, and Muhammed's former state parole officer testified, the district court denied the motions. The court ruled that while there may have been technical problems with the arrest under state law, the agents believed in good faith that it was proper. The court also found that Muhammed voluntarily consented to give the handwriting exemplars and fingerprints to the secret service agents. The court rejected the speedy trial claim because Muhammed had not been arrested or charged with a federal crime until he was indicted on December 9, 1991. Prior to that date, he was in state custody for violating parole, and the court ruled that the federal agents' involvement in the June 13 arrest for the parole violation did not trigger the Speedy Trial Act.
 
 
 4
 On appeal, Muhammed contends that the district court erred by denying his motion to suppress because the agents arrested him for the state parole violation as a pretext to obtain evidence in the federal investigation. He also challenges the court's finding that he voluntarily consented to provide the handwriting samples and fingerprints. Finally, Muhammed maintains that the district court should have dismissed the indictment because it was not filed within thirty days of his arrest as required by section 3161(b).
 
 
 5
 After reviewing the record, we conclude that the district court did not clearly err by rejecting Muhammed's pretext claim. See United States v. Portwood, 857 F.2d 1221, 1223 (8th Cir. 1988) (issue of pretext is factual question reviewed for clear error), cert. denied, 490 U.S. 1069 (1989). Even if the arrest was a pretext, the evidence may still be used against Muhammed if he voluntarily consented to provide it. See Laing v. United States, 891 F.2d 683, 686 (8th Cir. 1989). The district court's finding that Muhammed voluntarily consented to provide the handwriting samples and fingerprints was not clearly erroneous. Though the witnesses gave conflicting testimony about the events following Muhammed's arrest, the court resolved the conflicts against Muhammed and found the agents' version more credible. Finally, the district court properly denied Muhammed's motion to dismiss the indictment pursuant to 18 U.S.C. § 3161(b). "[A]n arrest on state charges does not trigger the 30-day period of § 3161(b) for purposes of a subsequent indictment on federal charges." United States v. Ray, 768 F.2d 991, 997 (8th Cir. 1985). Here, Muhammed was arrested on state charges on June 13, and was not charged with a federal offense until the December 9, 1991, indictment.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas