986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Anthony LEWIS, Appellant,
v.
Robert MCLEES, Police Officer, Appellee.
 No. 92-2833WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 29, 1993.
Filed: February 4, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony Lewis appeals from the district court's order granting police officer Robert McLees's motion for summary judgment on the ground of qualified immunity and denying Lewis's motion for reconsideration in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Lewis alleged a gun he was cleaning accidentally discharged, firing into his living room wall. Officer McLees came to Lewis's home to investigate. Lewis claimed McLees illegally searched his home, arrested him, and placed him in jail for eight hours, without a complaint, in violation of his Fourth Amendment rights.
 
 
 3
 In his motion for summary judgment, McLees asserted Lewis discharged a shotgun and pellets from the discharge went through Lewis's living room wall into his neighbor's adjoining townhouse, hitting the neighbor in the ear. When McLees went to Lewis's home to investigate, Lewis gave McLees permission to enter. Lewis showed McLees where the gun was stored and where he had thrown the spent cartridge. Lewis signed a form giving consent to search his home. A detective at the scene told Lewis they wanted to talk with him downtown and Lewis agreed to go with McLees. At that time, the police told Lewis they would classify the case as an aggravated assault. At police headquarters, the detectives told McLees to take Lewis to the detention area. McLees later told Lewis he was going to be charged with discharging a firearm, a city ordinance violation. Lewis was booked and placed in jail until he was released on bond. McLees quoted Lewis's deposition testimony, in which Lewis stated: he had no objection to McLees entering his home and viewing his weapon; he agreed to let officers search his home and agreed to go to the police station; he knew, when he went to the station with McLees, he might be charged with a crime; and he was not alleging officers violated his rights before he arrived at the station. McLees also submitted his own affidavit, attesting Lewis gave him permission to enter his home and showed him where the shotgun and shell had been discharged. McLees argued he was entitled to qualified immunity. Lewis did not contravene these essential facts in his response to the summary judgment motion, either by affidavit or with contrary deposition testimony.
 
 
 4
 The district court concluded McLees reasonably believed he had Lewis's consent to search his home. The court stated Lewis did not suggest he was coerced or lacked authority to consent. In light of the clearly established principles governing warrantless searches, the district court concluded that as a matter of law, McLees could reasonably have believed the search was lawful. The district court further concluded McLees reasonably believed the seizure of the gun was lawful because he had probable cause to believe the gun was the instrumentality used to violate the city ordinance. Based on Lewis's admission that the gun had discharged, a reasonable officer also could have believed probable cause existed to arrest Lewis for discharging a firearm.
 
 
 5
 Nine days after entry of the judgment, Lewis filed a motion to reconsider. In support of his motion, Lewis asserted a new version of events that contradicted his earlier deposition testimony. The district court denied Lewis's motion to reconsider, concluding Lewis had not shown a colorable reason to alter or amend the judgment under either Federal Rule of Civil Procedure 59(e) or 60(b). On appeal, Lewis reasserts his Fourth Amendment challenges to the warrantless search, seizure of the gun, and warrantless arrest.
 
 
 6
 We review de novo the district court's order granting summary judgment. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The district court properly granted the motion if the record, viewed in the light most favorable to Lewis, shows there is no genuine issue of material fact and McLees is entitled to judgment as a matter of law. Id. We conclude the district court properly granted summary judgment to McLees.
 
 
 7
 Lewis's allegations, even if accepted as true, do not state a violation of the Fourth Amendment. See Siegert v. Gilley, 111 S. Ct. 1789, 1793-94 (1991). Lewis did not rebut McLees's supported summary judgment motion showing Lewis gave McLees permission to enter and to search his home. A warrantless search conducted with voluntary consent does not violate the Fourth Amendment. Laing v. United States, 891 F.2d 683, 686 (8th Cir. 1989). In addition, there was probable cause to seize the gun and to arrest Lewis without a warrant for violating the city ordinance, and thus, neither the seizure nor the arrest violated the Fourth Amendment. See Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967) (seizure); Beck v. Ohio, 379 U.S. 89, 91 (1964) (arrest). Accordingly, we need not reach the question of qualified immunity. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1079 (8th Cir. 1990).
 
 
 8
 Having reviewed the record, we also conclude the district court did not abuse its discretion in denying Lewis's motion for reconsideration. See Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990) (abuse of discretion standard for Rule 59(e) motion); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (abuse of discretion standard for Rule 60(b) motion).
 
 
 9
 We thus affirm the district court.