**J.C. PENNEY CO., INC., Appellant,**

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

**No. C0–84–461.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Andrew J. Shea, Jule M. Hannaford, IV, O'Connor & Hannan, Minneapolis, for appellant; Robert A. Ittner, Barry L. Mendelson, New York City, of counsel.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK, and FORSBERG, JJ.

## OPINION

LANSING, Judge.

This case comes before us on a writ of certiorari from a decision by the Commissioner of Economic Security interpreting the statutory and administrative definitions of "wages" subject to unemployment tax. The Commissioner's representative determined that payments made by an employer to a savings and profit-sharing retirement plan are "wages" for unemployment tax purposes where the payments constitute part of the employee's compensation and are deposited at the employee's request. We reverse.

### FACTS

Relator J.C. Penney Co., Inc., an employer with offices in this state, established a savings and profit-sharing plan for its employees containing a provision, effective

July 1, 1982, under which an employee could request the employer to deposit part of the employee's wages into the plan. The employee could also specify whether these deposits should be made before or after federal and state income taxes are withheld.

By a letter dated April 1, 1983, the Department of Economic Security notified the employer that its deposits to the plan pursuant to election by its employees must be considered "wages" and therefore would be subject to taxation under the Employment Services Law. Upon protest by the employer, a hearing was held, and a referee affirmed the Department's determination. An appeal was taken, and a Commissioner's representative affirmed.

## ISSUE

Do "wages" under the Employment Services Law include payments by an employer to a savings and profit-sharing retirement plan where such payments constitute part of an employee's compensation and are deposited at the employee's request?

## ANALYSIS

The Minnesota Employment Services Law was enacted by the legislature to assist those persons who become unemployed through no fault of their own. *Easthagen v. Naugle-Leck, Inc.*, 260 Minn. 198, 201–02, 109 N.W.2d 556, 558 (1961). To further that purpose, the law provides for establishment of an unemployment compensation fund for payment of unemployment benefits. *See* Minn.Stat. § 268.05 (1982 & Supp.1983). Employers contribute to this fund through a tax imposed pursuant to Minn.Stat. § 268.06 (1982 & Supp.1983). An employer's tax rate is based, in part, on total wages paid to employees. *See id.*

Minnesota defines "wages" for purposes of unemployment taxation:

"Wages" means all remuneration for services, including commissions and bonuses, back pay as of the date of payment, and tips and gratuities paid to an employee by a customer of an employer and accounted for by the employee to the employer, and the cash value of all remuneration in any medium other than cash, *except that such term shall not include:*

\* \* \* \* \* \*

(e) *Any payment made to, or on behalf of, an employee or his beneficiary (1) from or to a trust described in section 401(a) of the federal Internal Revenue Code which is exempt from tax under section 501(a) of such code at the time of such payment* \* \* \*.

Minn.Stat. § 268.04, subd. 25 (Supp.1983) (emphasis added). A trust described in section 401(a) of the Internal Revenue Code is a "qualified trust," which may take the form of a qualified pension, profit-sharing or stock bonus plan. *See* I.R.C. § 401(a) (1982).

The employer has established a savings and profit-sharing retirement plan for its employees which meets the definition of a section 401(a) plan. The employer's plan contains a provision under which an employee may elect direct payment in cash or may have the employer deposit a percentage of the employee's compensation into the plan. The Commissioner's representative determined, however, that payment of an employee's wage into the plan by the employer is not the type of payment contemplated by the above statutory exception but is, rather, a method of "deferred compensation" that is within the definition of "wages" in agency rules promulgated by the Minnesota Department of Economic Security. The agency rules provide, in part:

Wages include the monetary value of:

\* \* \* \* \* \*

Amounts withheld or deducted from an employee's earnings because of a deferred compensation agreement which an employee agrees to participate in or which is part of an employment contract. A deferred compensation agreement generally means an arrangement between the employee and the employer for the withholding or deduction of a specific amount from his earnings, to be distributed to the employee by the employer or

a third person at a later time, usually in postretirement years.

Minnesota Rules, part 3315.0200, subpart 4, item O (1984) (previously located at 8 MCAR § 4.3101, D15).

The employer claims that the Commissioner erroneously relied on the agency definition of wages. The employer argued that payments under its plan instead should fall within the statutory exception to the wage definition in § 268.04, subd. 25(e). We are therefore faced with the question of whether the employer's payments under its plan are within the contemplation of the statute and, if so, whether the agency rule conflicts with the statute.

■ An agency may adopt regulations to implement or make specific the language of a statute, *see* Minn.Stat. § 14.02, subd. 4 (1982), but may not adopt a conflicting rule. *Dumont v. Commissioner of Taxation*, 278 Minn. 312, 315–16, 154 N.W.2d 196, 199 (1967). The Commissioner's representative determined that Minn.Stat. § 268.04, subd. 25, is ambiguous and the rule merely clarifies its purpose. The Commissioner noted that language in section 401(a) of the Internal Revenue Code provides that contributions to a qualified trust may be made by either an employee or an employer and therefore reasoned that it is unclear whether the language, "on behalf of an employee," refers to either payments by an employer to a section 401(a) qualified trust or payments by an employee to the trust. The Commissioner concluded that, in view of this "ambiguity" in the statute, the rule clarifies, rather than contradicts, the statutory definition of "wages." The Commissioner's representative applied the rule and held that payments under the relator's plan constitute deferred compensation, or "wages", for purposes of the unemployment tax.

■ We disagree with the Commissioner's interpretation of the statute. We hold that the statutory language is not ambiguous and that payments under the employer's plan are contributions made "on behalf of" the employees. When the words of a law are clear and unambiguous, amend-

ments to the law must be made by the legislature in the form of a statute. They cannot be made by the Commissioner in the form of a rule. We therefore find that the regulation is invalid to the extent that it is in conflict with the statute.

■ Where a statute on its face is ambiguous, it is our practice to "accord substantial consideration to the interpretation of the administrators working daily with the problem sought to be remedied." *Goodman v. State, Department of Public Safety*, 282 N.W.2d 559, 560 (Minn.1979). A court, however, is not bound by an agency's construction of statutory language where the statute is phrased in common, rather than exceedingly technical, terms, *see Minnesota Microwave, Inc. v. Public Service Commission*, 291 Minn. 241, 245–46, 190 N.W.2d 661, 665 (1971), or where interpretation of the statute is based on legal, rather than factual, considerations, *No Power Line, Inc. v. Minnesota Environmental Quality Council*, 262 N.W.2d 312, 320 (Minn.1977). Administrative interpretations are not entitled to deference when they contravene plain statutory language, *State v. Northwestern Bell Telephone Co.*, 304 N.W.2d 872, 876 (Minn. 1981), or where there are compelling indications that the agency's interpretation is wrong, *Buhs v. State, Department of Public Welfare*, 306 N.W.2d 127, 129 (Minn. 1981).

■ The phrase, "on behalf of an employee," is neither technical nor ambiguous, but instead comes within common understanding. Where, as in this case, the meaning of statutory language is apparent, judicial or administrative construction is inappropriate and the plain meaning of the words should be applied. *See Chanhassen Estates Residents Association v. City of Chanhassen*, 342 N.W.2d 335, 339 (Minn. 1984); *W.H. Barber Co. v. City of Minneapolis*, 227 Minn. 77, 84, 34 N.W.2d 710, 714 (1948). Because the language, "on behalf of an employee," is clear, we must assume that the legislature intended the language to be given its common and ordi-

nary meaning. *See* Minn.Stat. § 645.08(1) (1982). This interpretation of the statute requires the conclusion that an employee's contributions to a section 401(a) qualified trust are not wages for purposes of the Employment Services Law when the employer deposits those payments at the request of and for the benefit of (i.e., "on behalf of") the employee. This is exactly the type of situation which the employer's plan contemplates.

Our determination that the language in Minn.Stat. § 268.04, subd. 25(e), encompasses the type of plan which the employer offers its employees is buttressed by the recent enactment of an Internal Revenue Code provision clarifying section 401(a):

**(k) Cash or deferred arrangements.—**

(1) **General rule.**—A profit-sharing or stock bonus plan shall not be considered as not satisfying the requirements of [§ 401(a)] merely because the plan includes a qualified cash or deferred arrangement.

(2) Qualified cash or deferred arrangement.—A qualified cash or deferred arrangement is any arrangement which is part of a profit-sharing or stock bonus plan which meets the requirements of [§ 401(a)]—

(A) under which a covered employee may elect to have the employer make payments as contributions to a trust under the plan *on behalf of the employee,* or to the employee directly in cash; * * *.

26 U.S.C.A. § 401(k) (West Supp.1984) (emphasis added). The federal legislators' use of the language, "on behalf of the employee," not only provides support for our conclusion that the phrase is commonly used and understood; in addition, the above provision supports our determination that the employer's deferred compensation arrangement is a plan that lies within the realm of section 401(a) and is therefore excluded from the definition of "wages" by Minn. Stat. § 268.04, subd. 25(e). We recognize that section 401(k) was added to the federal law subsequent to the enactment of Minn. Stat. § 268.04, subd. 25(e), and therefore

could not have been considered by the authors of the Minnesota legislation; therefore, we do not cite the federal interpretation of a section 401(a) trust as authority requiring a similar construction of our statute. Nevertheless, although the federal construction is not determinative, we note that our decision today is consistent with the federal definition of a section 401(a) qualified trust and thus has a logical basis in law and policy.

We therefore conclude that the language of Minn.Stat. § 268.04, subd. 25(e), is not ambiguous and that the employer's payments under its pension and profit-sharing retirement plan conform to the requirements of the Minnesota statute. Because an administrative agency may not adopt a rule that conflicts with a statute, we also find that the provisions of Minnesota Rules, part 3315.0200, subpart 4, item O (1984), are invalid to the extent that they contravene the express language of the statute.

### DECISION

■ Portions of an employee's compensation that the employer deposits into a pension and profit-sharing retirement plan for the benefit of and at the request of the employee are contributions made "on behalf of" the employee to a section 401(a) qualified trust and are therefore excluded from the definition of "wages" for purposes of unemployment taxation by Minn. Stat. § 268.04, subd. 25(e).

**Reversed.**