STATE of Minnesota, Respondent,

v.

Michael James COBB, Appellant.

No. C4-87-25.

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied May 20, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Barbara J. Harrington, Asst. County Atty., Anoka County Courthouse, Anoka, for respondent.

C. Paul Jones, State Public Defender, Marie Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Considered and heard by FORSBERG, P.J., and RANDALL and STONE, JJ.,* with oral argument waived.

## OPINION

STONE, Judge.

This is an appeal from a sentencing order imposing a 54 month prison sentence on appellant. Appellant contends the trial court erred by (1) including his pardoned convictions in his criminal history score and (2) failing to consider whether the prior convictions had decayed for current sentencing purposes. We disagree with appellant on the first issue, but remand for consideration of the second.

## FACTS

The facts of the case are undisputed. Appellant Michael James Cobb was arrested and charged with receiving stolen property valued in excess of $2,500 in violation of Minn.Stat. §§ 609.53, subd. 1(1) and 609.-05, subd. 1 (1984). Appellant pleaded

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

guilty to the charges and was given a 54 month prison term.

During a presentence investigation,[1] the trial court learned that appellant had been convicted of five prior felony offenses. The trial court also learned that appellant had received a pardon extraordinary on February 22, 1983, for four of the five prior felony convictions. Despite the pardon extraordinary, the trial court included all five of appellant's prior convictions in computing his criminal history score. Pursuant to the Minnesota Sentencing Guidelines, the trial court then sentenced appellant to a 54 month prison term.

The trial court determined appellant's presumptive sentence without considering whether any of the prior convictions had decayed under the sentencing guidelines. Complete information regarding the prior convictions was not presented to the court because the corresponding records had been sealed.

### ISSUES

1. Did the trial court err by including prior pardoned felony convictions in its computation of appellant's criminal history score?

2. Did the trial court err by failing to consider whether any of the prior convictions had decayed for current sentencing purposes?

### ANALYSIS

1. The first issue comes to this court as a case of first impression. The sentencing guidelines do not specifically address criminal history score computations based upon pardoned convictions and the Minnesota Supreme Court has not had occasion to consider the matter. In light of the language and purposes of the pardon extraordinary statute and the guidelines, we hold that the trial court correctly included appellant's

pardoned felony convictions in his criminal history score.

Minn.Stat. § 638.02, subd. 2 (1984) allows the Minnesota Board of Pardons to grant a pardon extraordinary to any petitioning person who has been convicted of a crime and has served his sentence. In pertinent part, the statute reads:

> Such pardon extraordinary, when granted, shall have the effect of restoring such person to all civil rights, and shall have the effect of setting aside the conviction and nullifying the same and of purging such person thereof and such person shall never thereafter be required to disclose the conviction at any time or place *other than in a judicial proceeding thereafter instituted.*

Minn.Stat. § 638.02, subd. 2 (emphasis added).

This pardons statute clearly provides for consideration of pardoned felony convictions in subsequent judicial proceedings. The purpose of the statute is to restore the basic civil rights of citizenship, including the right to vote and hold office. *See generally Thiede v. Town of Scandia Valley,* 217 Minn. 218, 224–25, 14 N.W.2d 400, 405 (1944) (discussion of basic rights, privileges and immunities). Utilizing the pardoned convictions for current sentencing purposes constitutes use in a subsequent judicial proceeding, a use allowed by the pardons statute. The ambit of the pardons statute must be confined to a restoration of civil rights; it cannot have the effect of eliminating consideration of a prior conviction in a subsequent judicial proceeding.

In a case decided well before the sentencing guidelines were adopted, it was held that a pardon did not bar consideration of the conviction to support imposition of a double sentence under the Habitual Criminal Act. *State v. Stern,* 210 Minn. 107, 297 N.W. 321 (1941).

---

1. Subsequent to the filing of briefs on appeal, appellant moved to strike as confidential the State hospital discharge summary report and the presentence investigation report from the appendix of respondent's brief. We grant the motion, noting the trial court's order reflects consideration of both reports. If such reports are to be considered as public records, Minn. Stat. § 609.115, subd. 6 and § 254.09 (1984) must be complied with; disclosure could either be directed by the trial court or a separate "confidential" appendix could be prepared.

Omission of appellant's pardoned convictions in his criminal history score would greatly reduce the presumptive sentence imposed upon this repeat offender. A criminal history score of 5 for a severity level IV offense results in a 54 month presumptive sentence under the sentencing guidelines. Reducing appellant's criminal history score to 1, by eliminating the four pardoned convictions, results in a 26 month presumptive sentence. *See* Minnesota Sentencing Guidelines, § IV. The purpose of the sentencing guidelines is to establish consistent sentences reflecting an offender's criminal history. The pardon extraordinary statute should not be interpreted to conflict with this purpose.

2. Although the trial court may consider appellant's pardoned convictions in its sentencing, it must also consider whether any of those pardoned convictions have decayed for current sentencing purposes.

An offender's criminal history index score is computed in the following manner:

1. Subject to the conditions listed below, the offender is assigned one point for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing.

\* \* \* \* \* \*

d. When a prior felony conviction results in a stay of imposition, and when that stay of imposition was successfully served, it shall be counted as a felony conviction for purposes of computing the criminal history score for five years from the date of discharge, and thereafter shall be counted as a misdemeanor under the provisions of item 3 below;

e. Prior felony sentences will not be used in computing the criminal history score if a period of ten years has elapsed since the date of discharge from or expiration of the sentence, to the date of offense of any subsequent misdemeanor, gross misdemeanor or felony, provided that during the period the individual had not received a felony, gross misdemeanor, or misdemean-

or sentence whether stayed or imposed.

Minnesota Sentencing Guidelines, § II.B. We note that this section was amended effective August 1, 1986. The offense was committed prior to August 1, 1986, appellant pleaded guilty on August 18, 1986, and was sentenced October 10, 1986. Since this point was neither briefed nor argued, we leave its resolution to the trial court on remand.

The State failed to present the court in this case with evidence regarding the history of the pardoned convictions because corresponding records had been sealed pursuant to the pardons statute. The burden of proof is with the State to establish a defendant's criminal history for sentencing guidelines purposes. *State v. Edmison*, 379 N.W.2d 85 (Minn.1985); *State v. Marquetti*, 322 N.W.2d 316, 319 (Minn.1982). Therefore, we remand in order for the trial court to receive evidence concerning the age of appellant's prior convictions.

### DECISION

The trial court correctly included appellant's pardoned felony convictions in determining his criminal history score. However, a remand is necessary to allow the State to establish the age and relevance of the pardoned convictions.

Affirmed in part and remanded.