STATE of Minnesota, Respondent,

v.

Todd LaDOUCER, Appellant.

No. CX–91–163.

Court of Appeals of Minnesota.

Nov. 19, 1991.

Review Granted Jan. 22, 1992.

Hubert H. Humphrey III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., M. Christine Misurek, Asst. County Atty., Hastings, for respondent.

John M. Stuart, State Public Defender, Bradford Colbert, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by NORTON, P.J., and LANSING and SHORT, JJ.

## OPINION

NORTON, Judge.

Appellant, Todd Richard LaDoucer, seeks review of his conviction for second degree arson arguing that the trial court denied him his sixth amendment right to counsel, made improper comments at trial, erred in calculating his criminal history score, and that there was insufficient evidence to convict. We affirm.

## FACTS

On June 30, 1990, a fire occurred in a garage rented by appellant's girlfriend and located at the Lakebridge Apartments in Inver Grove Heights. Appellant was at the garage when the fire started. When he saw flames, he fled the apartment complex without calling or waiting for help to extinguish the fire. The fire was caused by a thrown bottle, filled with flammable liquid and a burning cloth stuck in its neck. There was extensive damage to the garage, property in the garage, and adjoining garages.

## ISSUES

1. Was appellant denied his sixth amendment right to counsel?

2. Did comments made by the trial court prejudice appellant?

3. Does the evidence support appellant's conviction?

4. Did the trial court err in calculating appellant's criminal history score?

1. Appellant's testimony also suggests that he produced a letter denying his earlier request for substitute counsel to the trial court. Although

## ANALYSIS

### I.

A request for substitute counsel will be granted only if exceptional circumstances exist and the demand is timely and reasonably made. *State v. Vance*, 254 N.W.2d 353, 358 (Minn.1977). The reviewing court will determine whether the trial court was within its discretion to deny a motion for a continuance by considering whether appellant was so prejudiced in preparing or presenting his defense as to materially affect the outcome of the trial. *Id.* at 358–59.

### *Timeliness of Motion*

Appellant made a timely request for substitute counsel to his trial counsel one and one-half weeks before the trial date. Appellant merely continued this request at trial. *See State v. Fagerstrom*, 286 Minn. 295, 299, 176 N.W.2d 261, 264 (1970) (appellant may not obtain continuance by arbitrarily choosing to substitute counsel at time of trial).

### *Exceptional Circumstances*

Appellant argues that there are exceptional circumstances warranting his request for substitute counsel where he and his counsel had an irreconcilable conflict in their relationship. He contends that this conflict compromised his counsel's ability to effectively represent him.

At trial, appellant's counsel stated that he and appellant were at odds in the preparation of appellant's case and he did not believe that appellant had confidence in counsel's ability to successfully represent him. Immediately thereafter, appellant stated to the trial court that he did not feel that his counsel was incompetent only that counsel had a backlog of cases. He stated that he held nothing back from counsel and that he had been working with counsel.[1] Appellant's statements suggest that he

this letter was not made a part of the trial court record, the trial court appeared to respond to it.

was waiving his request for substitute counsel.

On this limited record, we cannot say that there were exceptional circumstances so that it was an abuse of discretion for the trial court to deny appellant's motion for a continuance to obtain substitute counsel. *See Vance*, 254 N.W.2d at 359 (court held no error in denying defendant's motion for continuance where defendant's reasons for desiring private counsel were public defender's case load and minor disagreement as to whether particular witness should be called); *see also United States v. Hart*, 557 F.2d 162, 163 (8th Cir.1977) (where counsel refused to argue defendant's obtuse legal theories, court held defendant's claim of ineffective assistance of counsel without merit).

### Prejudice

In right to counsel of choice cases, Minnesota courts have addressed whether the defendant was prejudiced in preparing or presenting his defense so as to materially affect the outcome of the trial. *See, Vance*, 254 N.W.2d at 359; *State v. Whitcomb*, 413 N.W.2d 839, 843 (Minn.App. 1987) (defendant was not prejudiced because he was provided competent counsel), *pet. for rev. denied* (Minn. Dec. 22, 1987); *State v. Alexander*, 398 N.W.2d 24, 28 (Minn.App.1986) (denial of continuance for substitution of counsel did not affect outcome of trial where cross-examination was thorough and court appointed attorney showed familiarity with case), *pet. for rev. denied* (Minn. Feb. 13, 1987).

In view of the long line of Minnesota cases considering prejudice to the defendant, we see no reason to follow or distinguish the out-of-state cases cited by appellant. *See, e.g., Wilson v. Mintzes*, 761 F.2d 275, 286 (6th Cir.1985) (appellant not required to show prejudice when denied right to counsel of choice). In addition, contrary to Appellant's assertion, *State v. Richards*, 456 N.W.2d 260 (Minn.1990) does not apply to the facts of this case. *See id.* at 263 (addressing right to self representation).

In this case, trial counsel was competent in his representation of appellant. He presented a reasonable defense, called witnesses corroborating appellant's testimony, and made reasonable objections. Appellant also testified that he did not feel that his trial counsel was incompetent. The trial court's denial of the motion for a continuance to obtain substitute counsel did not prejudice the preparation or presentation of appellant's defense so as to materially affect the outcome of the trial.

### II.

 Appellant argues that the trial court made improper comments implying his guilt. Because appellant failed to object to the comments at trial, this court can consider the claim only if the error is plain error affecting appellant's substantial rights or an error in fundamental law. *See* Minn.R.Crim.P. 31.01; *see also State v. Malaski*, 330 N.W.2d 447, 451 (Minn.1983). In this case, there is no error in fundamental law and appellant's substantial rights were not affected because the trial court's comments were merely clarification of what the prosecutor said in his opening statement and the court's comments were made outside the hearing of the jury.

### III.

On appeal, this court is limited to determining whether the jury could reasonably conclude that appellant was guilty of the offense charged. *See State v. Bias*, 419 N.W.2d 480, 484 (Minn.1988). The evidence is viewed in the light most favorable to the verdict assuming that the jury believed the state's witnesses and disbelieved contrary evidence. *State v. Lanam*, 459 N.W.2d 656, 662 (Minn.1990).

 A reasonable jury could find that appellant intentionally set the fire in the garage where a witness identified appellant at the scene of the fire, there were witnesses identifying appellant's vehicle at the scene, there was expert testimony that the fire was started by a thrown bottle filled with flammable liquid, appellant drove away from the scene without seeking help to extinguish the fire, and appellant did not make himself immediately available to the

police when they were seeking him for questioning regarding the fire.

## IV.

It is in the trial court's discretion to weight prior felony sentences when calculating an offender's criminal history score. Minn.Sent.Guidelines II.B.101. The criminal history score is calculated by

> assign[ing] a particular weight for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing or for which a stay of imposition of sentence was given before the current sentencing.

*Id.* at II.B.1.

Appellant argues that under the sentencing guidelines criminal history score weights should be assigned to prior felony *sentences* rather than prior *convictions.* He notes that:

> [t]he weight assigned to each prior felony *sentence* is determined according to *its* severity level, as follows:
> Severity Level I–II = ½ point;
> Severity Level III–V = 1 point;
> Severity Level VI–VII = 1–½ point;
> Severity Level VIII–X = 2 points; and
> Murder 1st Degree = 2 points.

Minn.Sent.Guidelines II.B.1a (emphasis added).

In 1988, appellant was convicted of attempted theft of less than $2500. The presumptive sentence for that severity level III offense was 15 months for appellant who had a criminal history score of 2 at that time. However, appellant received a sentence of only one year and a day. Appellant points out that the sentence he received, one year and a day, was the presumptive sentence for a severity level I offense for a person with a criminal history score of 2. Therefore, appellant argues that his severity level I sentence should be considered in determining the proper weight given to his prior felony conviction. Thus, his attempted theft conviction should have received only a weight of .5 because the sentence he received for that severity level III conviction was equal to a severity level I presumptive sentence. This would have the effect of reducing his criminal history score for his current conviction from 4.0 to 3.5 and his sentence from 44 months to 34 months.

Appellant misreads the guidelines. "The offense severity level is determined by the offense of conviction." Minn.Sent.Guidelines II.A. The severity level is not determined by the sentence. While there can be a departure in sentence from the severity level presumptive sentence for a particular offense, a sentencing departure does not affect the severity level of the offense. *See* Minn.Sent.Guidelines II.D. (trial court may depart from presumptive sentence and stay or impose any sentence authorized by law).

Additionally, appellant's argument would destroy the uniformity of guideline sentencing. If sentencing departures were to affect the severity level of the offense, this would tend to inhibit departures for either mitigating or aggravating circumstances. If a lesser sentence were to reduce a prior conviction's severity level and therefore the assigned weight for calculating a criminal history score, a repeat offender could receive a continuing benefit for a one time break in sentencing for an earlier conviction when sentenced for a later conviction.

For the above reasons, we hold that a severity level is not assigned to a prior felony sentence but rather to the prior offense conviction. The severity level of the prior conviction, and not its sentence, is considered when assigning criminal history score weights for prior convictions. Therefore, the trial court did not abuse its discretion when assigning a weight of 1.0 to appellant's prior conviction for attempted theft because, under the guidelines, a sentencing departure does not affect the severity level of the offense. *Cf. State v. Clipper,* 429 N.W.2d 698, 701 (Minn.App. 1988) (felony conviction for which imposition of sentence is stayed shall be assigned a felony point in calculating criminal history score); *State v. Cobb,* 403 N.W.2d 329, 331 (Minn.App.1987) (pardoned felony convictions are included in calculation of criminal history score), *pet. for rev. denied* (Minn. May 20, 1987).

## DECISION

There is no error where appellant received competent representation at trial, the trial court's comments regarding the prosecution's opening statement were made outside the hearing of the jury, there was sufficient evidence to convict, and the trial court calculated appellant's criminal history score in compliance with the sentencing guidelines.

Affirmed.