STATE of Minnesota, Respondent,

v.

Todd LaDOUCER, Petitioner, Appellant.

No. CX–91–163.

Supreme Court of Minnesota.

Feb. 14, 1992.

John Stuart, State Public Defender, Bradford Colbert, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and James Backstrom, Dakota County Atty., Hastings, for respondent.

WAHL, Justice.

We granted review in this case for the limited purpose of remanding to the trial court for consideration of a sentencing issue which defendant's trial attorney neglected to raise in the trial court but which the state public defender raised on defendant's behalf on appeal. The issue concerns the weight to be accorded a prior felony conviction in computing the defendant's criminal history score for the purpose of determining the presumptive sentence for the current offense.

Originally, the general rule when computing the criminal history score was to assign the defendant a point for each prior felony conviction. In 1989 the Sentencing Guidelines Commission adopted a new approach, with the weight assigned to each prior felony depending on the severity level of the offense, as follows:

Severity Level I–II = ½ point;
Severity Level III–V = 1 point;
Severity Level VI–VII = ½ point;
Severity Level VIII–X = 2 points; and
Murder 1st Degree = 2 points.

Minnesota Sentencing Guidelines II.B.1.a.

In this case the sentencing worksheet listed four prior felonies: a forgery with a weight of .5, a theft and an attempted theft, each with a weight of 1.0, and a second-degree assault with a weight of 1.5. This gave defendant a criminal history score of four and a presumptive sentence of 44 months. Defendant's trial attorney acknowledged at the sentencing hearing that the sentencing worksheet was correct. The trial court then proceeded to impose the presumptive sentence.

Represented by the state public defender on appeal, defendant argued in the court of appeals that the prior attempted theft conviction should have been given a weight of .5 rather than 1.0, and that therefore his presumptive sentence for the current conviction should have been 34 months.

The Sentencing Guidelines provide that a sentence for attempt is determined by lo-cating the Sentencing Guidelines Grid cell that corresponds to the severity level of the completed offense and dividing the sentence contained therein by two. *Id.* II.G. However, the Guidelines do not specify how the severity level of *prior* attempt convictions should be calculated in determining the offender's criminal history score. Comment II.B.101. recognizes that determining the severity level for some prior felony convictions "may be difficult in some instances" and specifies that "the sentencing court, in its discretion, should make the final determination as to the weight accorded prior felony sentences."

The court of appeals rejected defendant's argument on appeal that the severity level of a prior attempt conviction should not be the same as the severity level of the completed offense, 477 N.W.2d 905. Defendant takes the position that, for purposes of calculating the criminal history score, one should cut the severity level for the completed offense in half. That, however, would require, in another case, equating an attempted first-degree rape (first-degree rape being a severity level VIII offense) with a completed nonresidential burglary (a severity level IV offense), something that makes little sense, particularly when one realizes that the presumptive sentence for attempted first-degree rape is more than two times the presumptive sentence for completed nonresidential burglary.

Obviously, the Sentencing Guidelines Commission is the most appropriate body for resolving this issue in a "quasi-legislative" way. In the absence of a resolution of the issue by the commission, the issue will have to be decided on a case-by-case basis.

As we stated earlier, defendant's trial attorney did not challenge the accuracy of the sentencing worksheet and therefore did not present the issue to the trial court so that the trial court could exercise its discretion under II.B.101. Technically, we could require defendant to file a petition for postconviction review and present the issue to the district court in that fashion. Rather than do that, we simply remand to the district court so that the trial court will be

given an opportunity to exercise the discretion given it by II.B.101.

Remanded for resentencing.