In the Matter of the Disciplinary Hearing Regarding the Peace Officer License of Stephen Joseph WOOLLETT a/k/a Stephen Joseph Engles.

No. C1–94–1295.

Court of Appeals of Minnesota.

Feb. 7, 1995.

Review Granted April 6, 1995.

Harry D. Hohman, Wojtalewicz, Hohman & Schoep, Appleton, for relator Stephen Joseph Woollett.

Hubert H. Humphrey, III, Atty. Gen., John Docherty, Asst. Atty. Gen., St. Paul, for respondent Minn. Bd. of Peace Officer Standards and Training.

Considered and decided by SHORT, P.J., NORTON and PETERSON, JJ.

**OPINION**

PETERSON, Judge.

Relator Stephen Joseph Woollett, a/k/a Stephen Joseph Engles, passed the Minnesota Peace Officer Licensing Examination and became eligible to be licensed as a peace officer. Upon learning that Woollett had a criminal record, the Minnesota Board of Peace Officer Standards and Training (Board) filed an administrative complaint against Woollett, alleging that his criminal record made him ineligible to hold a peace officer license. In a contested case hearing, an administrative law judge (ALJ) recommended maintaining Woollett's license eligibility.

The Board rejected the ALJ's recommendation and revoked Woollett's peace officer license eligibility. In this certiorari appeal Woollett challenges the Board's determination that his criminal record made him ineligible to hold a peace officer license.

## FACTS

In 1981, relator Stephen Joseph Woollett pleaded guilty to third degree assault, a felony offense. Woollett was sentenced under his married name, Stephen Joseph Engles. The sentencing court ordered the imposition of sentence stayed and placed Woollett on probation for three years. In sentencing Woollett, the court explained:

I have stayed the—staying the imposition of sentence means that you have not been sentenced. You can truthfully say in this regard to this charge you have not been sentenced for a felony. If things go well, you will be discharged. It will be treated as a misdemeanor. If things don't go well, I may call you—bring you back in here and after hearing you, give you three years in prison.

Woollett told the court that he was in law enforcement and the court replied:

Well, this is exactly what you want, then, because it's not going to be on your record—or it's handled the best way we could for you.

Woollett successfully completed probation and was discharged after six months.

Woollett obtained a bachelor of arts degree with a major in criminal justice in 1992. Later that year, Woollett completed the skills portion of his law enforcement training and passed the Minnesota Peace Officer Licensing Examination. Woollett applied for a position as a corrections officer at the Prairie Correctional Facility in Appleton. In May 1992, the Minnesota Bureau of Criminal Apprehension conducted a background check on Woollett for the correctional facility and determined that he had no record.

After Woollett's employer sent the Board a request for his license, the Board conducted a background check and discovered Woollett's 1981 third degree assault conviction. In February 1993, the Board filed a complaint against Woollett, alleging that his eligibility to be licensed as a peace officer should be revoked pursuant to Minn.R. 6700.0601, subpt. 1(g). Following a contested case proceeding, the Board revoked Woollett's license eligibility.

## ISSUE

May the Board apply an administrative rule to revoke peace officer licensing eligibility on the grounds that the license applicant has been convicted of a felony when the applicant's felony conviction is deemed to be a conviction for a misdemeanor under Minn.Stat. § 609.13, subd. 1(2) (1992)?

## ANALYSIS

On May 20, 1994, the Board rejected the ALJ's recommendation and orally ordered Woollett's peace officer license eligibility revoked. The Board issued its written order on June 16, 1994. On June 17, 1994, Woollett filed a certiorari appeal. The petition for writ of certiorari states that Woollett seeks review of the May 20, 1994 order. Woollett's statement of the case states that he had not received a written order.

Woollett did not provide a transcript of the May 20, 1994 order but his description of the oral order is consistent with the June 16, 1994 written order. Since this appeal was filed after the written order was issued and the written order apparently is the same as the oral order, we will construe the appeal as being from the written order. *See Kelly v. Kelly,* 371 N.W.2d 193, 195–56 (Minn.1985) (notice of appeal is liberally construed in favor of its sufficiency; notice of appeal not insufficient due to defects that could not have been misleading); *see also Steeves v. Campbell,* 508 N.W.2d 817, 819 (Minn.App.1993) (applying *Kelly*); *Bougie v. Bougie,* 494 N.W.2d 485, 487 (Minn.App.1993) (applying *Kelly*).

■ When reviewing a contested case decision, this court may reverse or modify the agency's

decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1992). "[A]n administrative agency may not adopt a rule that conflicts with a statute." *J.C. Penney Co. v. Commissioner of Economic Sec.*, 353 N.W.2d 243, 247 (Minn.App.1984). "[W]hen an administrative rule conflicts with the plain meaning of a statute, the statute controls." *Special School Dist. No. 1 v. Dunham*, 498 N.W.2d 441, 445 (Minn.1993). This court is not bound by an agency's interpretation of a statute. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978).

█ Minn.Stat. § 609.13, subd. 1 (1992) provides:

Notwithstanding a conviction is for a felony:

\* \* \* \* \* \*

(2) The conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn.R. 6700.0601, subpt. 1 (1991), the rule the Board relied on to revoke Woollett's license, provides:

Violations of the following standards shall be grounds to deny an applicant to take an examination or to deny eligibility for a license.

\* \* \* \* \* \*

G. having been convicted of a felony in any state or federal jurisdiction.

Minn.R. 6700.0100, subpt. 21 (1991) provides:

"Conviction of a felony" means that a person has been charged with a crime punishable by more than one year and that the person was convicted of that crime regardless of a stay of imposition or stay of execution.

*See* Minn.R. 6700.0100, subpt. 1 (1991) (definitions in Minn.R. 6700.0100 apply to parts 6700.0100 to 6700.1900).

The Board argues that Minn.Stat. § 609.13, subd. 1(2) is not material to its decision to deny Woollett's license eligibility because Minn.R. 6700.0100, subpt. 21 is a properly adopted rule that has the force and effect of law. Because the rule unambiguously defines "conviction of a felony" to include a felony conviction for which imposition of sentence is stayed, the only issue before us, the board contends, is whether Minn.Stat. § 609.13, subd. 1(2) amends the rule and thereby changes Woollett's conviction from a felony conviction to a misdemeanor conviction.

The board cites *State v. Clipper*, 429 N.W.2d 698 (Minn.App.1988), as authority for its argument that Minn.R. 6700.0100, subpt. 21 is not amended by Minn.Stat. § 609.13, subd. 1(2). In *Clipper*, this court considered an apparent conflict between Minn.Stat. § 609.13, subd. 1(2) and Minn. Sent. Guidelines II.B.1, which provided

that offenders must be assigned "one [criminal history] point for every felony conviction for which a felony sentence was stayed or imposed \* \* \* or for which a stay of imposition of sentence was given \* \* \*."

*Clipper*, 429 N.W.2d at 701 (alteration in original) (quoting Minn. Sent. Guidelines II.B.1). The *Clipper* court stated:

There is no conflict between the Guidelines and Minn.Stat. § 609.13. The statute concerns the treatment afforded the offender's record. Because imposition of sentence was stayed, the felony conviction for burglary should appear on Clipper's record as a misdemeanor. The statute, however, is silent on the treatment to be afforded the felony conviction for purposes of calculating criminal history points under the Sentencing Guidelines, and evidences no intent to extend its reach to the calculation of criminal history scores under the Guidelines.

*Id.*

The Board argues that Minn.Stat. § 609.13 is also silent on the treatment to be afforded a felony conviction for peace officer licensing purposes. Like the sentencing guidelines provision at issue in *Clipper*, the Board argues, Minn.R. 6700.0100, subpt. 21 was care-

fully drafted to ensure that a stay of imposition would not allow a felon to obtain a peace officer license. Therefore, the specificity of the language in Minn.R. 6700.0100, subpt. 21 should lead this court to the same conclusion it reached in *Clipper*, that Minn.Stat. § 609.13, subd. 1(2) does not amend the rule.

The Board reads *State v. Clipper* too broadly. *Clipper* held only that Minn.Stat. § 609.13, subd. 1(2) is not intended to apply to the calculation of criminal history scores. 429 N.W.2d at 701. *Clipper* did not hold that section 609.13 applies only in those instances when there is explicit language in the section stating that it applies. There is no language in section 609.13 explicitly describing any instance when it applies. If the board's reading of *Clipper* were correct, section 609.13 would not apply in any instance.

The *Clipper* court relied on *State v. Cobb*, 403 N.W.2d 329 (Minn.App.1987), *pet. for rev. denied* (Minn. May 20, 1987). *Clipper*, 429 N.W.2d at 701. *Cobb* held that the pardon statute, Minn.Stat. § 638.02, subd. 2 (1984), allowed consideration of pardoned felony convictions when calculating an offender's criminal history score but prohibited consideration of these convictions for other purposes. 403 N.W.2d at 330–31. The *Clipper* court followed the reasoning in *Cobb* and concluded that

> the Guidelines may, consistent with [Minn. Stat. § 609.13, subd. 1(2) ] assign a criminal history point for a felony conviction for which imposition of sentence is stayed.

*Clipper*, 429 N.W.2d at 701. Under *Cobb* and *Clipper*, pardoned felony convictions and felony convictions that are deemed to be misdemeanor convictions may only be considered as felony convictions when calculating criminal history scores. *Clipper*, 429 N.W.2d at 701, *Cobb*, 403 N.W.2d at 330–31.

The *Cobb* court explained:

> The ambit of the pardons statute must be confined to a restoration of civil rights; it cannot have the effect of eliminating consideration of a prior conviction in a subsequent judicial proceeding.

403 N.W.2d at 330. *Clipper* cited *Cobb* specifically to explain that, like the pardon statute, the reach of Minn.Stat. § 609.13, subd.

1(2) is confined to certain purposes. *Clipper*, 429 N.W.2d at 701. But the issue in *Clipper* was limited to whether section 609.13, subd. 1(2) applied when calculating criminal history scores. *Id.* The *Clipper* court was not called upon to determine whether the statute applied in other instances. In this case we are called upon to determine whether Minn. Stat. § 609.13, subd. 1(2) applies to peace officer licensing.

The plain language of Minn.Stat. § 609.13, subd. 1(2) indicates that the intent of the statute is to treat a felony conviction that meets the conditions of the statute as if it were a conviction for a misdemeanor. This intent is further demonstrated by the advisory committee comment to the statute, which states:

> It is believed desirable not to impose the consequences of a felony if the judge decides that the punishment to be imposed will be no more than that provided for misdemeanors or gross misdemeanors.

Minn.Stat.Ann. § 609.13 (advisory committee cmt.) (West 1987).

There is no dispute that appellant's conviction meets the conditions of Minn.Stat. § 609.13, subd. 1(2). When appellant sought licensure from the board, his record included only a conviction for a felony that, under section 609.13, subd. 1(2), "is deemed to be for a misdemeanor." In spite of the statutory requirement that this felony conviction be treated as a conviction for a misdemeanor, the board applied Minn.R. 6700.0100, subpt. 21 and treated the conviction as a conviction for a felony.

■ This court's decision in *Clipper* does not permit the board to adopt a rule that, in effect, prevents the application of Minn.Stat. § 609.13, subd. 1(2).

> When the words of a law are clear and unambiguous, amendments to the law must be made by the legislature in the form of a statute. They cannot be made by the Commissioner in the form of a rule.

*J.C. Penney*, 353 N.W.2d at 246. The conclusion that Minn.Stat. § 609.13, subd. 1(2) does not prevent a felony conviction from being treated as a felony conviction in a subsequent criminal sentencing proceeding does not com-

pel a conclusion that the statute does not prevent a felony conviction from being treated as a felony conviction in an administrative licensing proceeding.

## DECISION

Minn.R. 6700.0100, subpt. 21 conflicts with Minn.Stat. § 609.13, subd. 1(2). Because Woollett's felony conviction is deemed by the statute to be a conviction for a misdemeanor, the board may not apply the rule to revoke Woollett's license eligibility.

**Reversed.**