# LESLIE FREEMAN v. STATE.

193 N. W. 2d 639.

January 7, 1972—No. 42567.

*John S. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, *Robert W. Johnson,* County Attorney, and *Gerard W. Snell,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

MURPHY, JUSTICE.

Appeal from an order denying defendant's petition for postconviction relief. After a plea of guilty at the time of his arraignment, defendant was sentenced for the offense of aggravated forgery. He contends that he was denied his Fourth Amendment rights, that the incriminating evidence against him was the product of an illegal search of his home, and that his confession following the search was involuntary.

The record amply supports the court's finding that defendant's confession and plea of guilty were voluntary. Defendant admitted that he had stolen blank checks from his employer's office, that he had used his employer's check protector and typewriter to fill

in names of fictitious payees, and that he had cashed or attempted to cash the checks thereafter.

It seems clear that the police officers had probable cause for arrest, and their failure to obtain a search warrant may be explained by the fact that there was a danger that the evidence found in defendant's home might be removed. Incriminating evidence in the form of stolen blank checks was not found in the room where the arrest took place, although torn pieces of checks were found in another room to which defendant directed the arresting officers.

It seems to be agreed that under prior authority of United States v. Rabinowitz, 339 U. S. 56, 70 S. Ct. 430, 94 L. ed. 653 (1950), and Harris v. United States, 331 U. S. 145, 67 S. Ct. 1098, 91 L. ed. 1399 (1947), the seizure of the articles connected with the alleged crime was valid. However, the holdings in those cases have been sharply narrowed in the more recent decision of Chimel v. California, 395 U. S. 752, 89 S. Ct. 2034, 23 L. ed. 2d 685 (1969). That case held that in the absence of a search warrant there is no justification for searching rooms other than the one in which the arrest occurred, and that the search of that room is justifiable only if confined to unconcealed areas within the immediate control of the arrested person.

The search here took place on January 22, 1969. The Chimel case came down on June 23, 1969. The principal issue presented is whether the decision in Chimel is applicable to the facts before us. That question has been answered by Williams v. United States, 401 U. S. 646, 91 S. Ct. 1148, 28 L. ed. 2d 388 (1971), which holds that Chimel does not have retroactive application.

An examination of the record reveals that the claim that the plea of guilty was induced by an illegal confession is without merit. The record contains ample evidence to the effect that defendant had been fully advised of his rights and that he freely and voluntarily gave the police officers a statement containing all or most of the details relating to the offense charged.

Affirmed.