STATE v. WILLIAM J. ARNOLD.

196 N. W. 2d 125.

March 3, 1972—No. 42255.

*Keith D. Kennedy,* for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

Per Curiam.

Defendant appeals from a conviction for receiving stolen property in violation of Minn. St. 609.53. He was sentenced pursuant to § 609.52, subd. 3(2), for a term not to exceed 5 years. We affirm.

1. The information under which defendant was prosecuted charged that on May 23, 1969, defendant received stereo equipment and a clock radio which had been stolen from one Stephan R. Thomas, valued in the sum of $620. Section 609.52, subd. 1(3), defines value as follows:

" 'Value' means the market value at the time of the theft, or if the

market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft."

Here, the only evidence of value was the testimony of the owner that he had paid $760 for the equipment some 2 years before it was stolen. Defendant, with justification, complains that this proof does not conform to the definition prescribed by law. Under Minn. St. 1969, § 609.52, subd. 3(5), if the value is less than $100, the punishment is not to exceed 90 days' imprisonment or a fine of not to exceed $100. However, defendant did not ask that a lesser included offense be submitted to the jury. While we agree that the state has failed to establish value as defined by statute, under the circumstances we find that this does not render the conviction fatally defective. The jury had before it in open court most of the equipment described in the information. We hold that their view of the property stolen, together with evidence of what it cost, constituted a substantial compliance with the statute.

2. Defendant complains of the seizure of property found in his apartment on May 27, when the police were attempting to arrest defendant's cotenants. Although he asserts that the search was invalid under Chimel v. California, 395 U. S. 752, 89 S. Ct. 2034, 23 L. ed. 2d 685 (1969), that decision was not rendered until June 23, 1969, and is not to be applied retroactively. Williams v. United States, 401 U. S. 646, 91 S. Ct. 1148, 28 L. ed. 2d 388 (1971); Freeman v. State, 292 Minn. 139, 193 N. W. 2d 639 (1972).

3. The state produced five witnesses, in addition to the complainant, who testified that property found in defendant's apartment belonged to them and had been taken in burglaries. Defendant complains that one of these items was not described in the so-called Spreigl notice [1] and that such testimony was inadmissible unless the other burglaries were charged by separate informations. He cites no authority for this proposition and we are aware of none. Testimony concerning the property not described in the state's notice was, at most, harmless error in light of the evidence that defendant's apartment was filled with stolen property.

4. Finally, defendant asserts that there was inadequate evidence that he had knowledge of the fact that the property found in his apartment was stolen since he shared the premises with two other men who were implicated in the burglaries. We have held that conviction in such cases can rest on joint possession. State v. Bagley, 286 Minn. 180, 188, 175 N. W. 2d 448, 454 (1970). In any event, when the officers first went

---

[1] State v. Spreigl, 272 Minn. 488, 139 N. W. 2d 167 (1965).

to the apartment on May 22, they overheard defendant state to unidentified callers who were inquiring about one of defendant's cotenants:

"Yes, he's up here, but two coppers were just here and you guys better get out of here because they may still be around."

Whereupon, they handed defendant $190. This evidence and the fact that, although defendant took the stand, he failed to explain why his suspicions were not aroused by the volume and variety of property found in the apartment, were sufficient to support the verdict. Accordingly, we affirm.

Affirmed.