STATE v. TIMOTHY MICHAEL McDONALD.

251 N. W. 2d 705.

March 11, 1977—No. 46069.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, William B. Randall, County Attorney, and Darrell C. Hill, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of felonious theft (theft of property over $100 in retail market value), Minn. St. 609.52, subd. 2(1) and subd. 3(2), and was sentenced by the trial court to a maximum term of 5 years in prison with the sentence stayed on condition that defendant serve a term of 1 year in the workhouse (which term expired in June 1976). On this appeal from judgment of conviction, defendant does not challenge the sufficiency of the evidence that he committed a theft, but contends that the trial court prejudicially erred in ruling that the evidence did not warrant submission of the included offense of misdemeanor theft (theft of property having a retail market value of $100 or less), Minn. St. 609.52, subd. 3(5). We reverse and grant defendant a new trial.

The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense.[1] See, State v. Leinweber, 303 Minn. 414, 422, 228 N. W. 2d 120, 125 (1975). One commentator explains the applicability of this test as follows:

"* * * Where the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater crime but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he wishes to have the benefit of a lesser offense instruction. While a jury could acquit him of the crime charged, despite all the evidence, this does not mean that he has the right to have a jury choose to find him guilty of a lesser crime without some basis in the evidence for such a choice.

"The controverted evidence to dispute the proof of the ele-

---

[1] This test is the same test as that recommended in A. L. I., Model Penal Code, § 1.07(5).

ment separating the crime charged from the lesser offense can be supplied by inference as well as by direct testimony. A court must appraise all of the testimony and evidence to determine whether it is capable of more than one reasonable inference. These different inferences can arise solely from the testimony of the prosecution's witnesses such as instances where different versions of an incident are recited. Where controverting evidence is present, even conflicting testimony or inconsistent statements by a defendant will not affect his right to have his version of an occurrence presented for a jury's determination although such inconsistencies might damage his credibility." Barnett, *The Lesser-Included Offense Doctrine*, 5 Conn. L. Rev. 255, 273.

The issue in this case is whether or not a jury could rationally have found that the value of the stolen property—an electric power saw and a cordless electric screwdriver—was less than $100, the statutory demarcation between felonious theft and misdemeanor theft. The owner of the store from which the goods were taken testified that the retail price of the saw at his store was $94.95 and the retail price of the screwdriver was $26.88, a total of $121.83; but he testified that he would have sold the two items together at a 10-percent discount, making the total $109.65. A defense witness, on the other hand, testified that at about the time of the trial he had purchased an identical saw at another retail store for $79.96 and was told that the price had only shortly before increased to that amount from $75. There was, to be sure no testimony concerning the price of a cordless electric screwdriver at any other store, but the jury might rationally infer that similar variations in the retail markup of that item might exist in other stores. If so, the jury could find that the value of the two items was something less than $100. The jury was, of course, not required either to credit the defense testimony or to draw any such inference, but neither was it compelled to accept the owner's testimony as to value.

"Value" for purposes of the theft statute is defined by Minn. St. 609.52, subd. 1(3), as "the retail market value at the time of

the theft." The value of a mass-marketed item taken from a retail store is not necessarily the value of the item in the market in which the owner of the store purchased it but the value in the market in which the item was being sold. Although testimony as to the price on the price tag ordinarily would be sufficient to justify a finding that that was the retail market value of the item taken, it is not conclusive, for the price charged by the store from which the item is taken may not accurately reflect the market value of the item. People v. Tijerina, 1 Cal. 3d 41, 81 Cal. Rptr. 264, 459 P. 2d 680 (1969). A defendant is free to introduce direct and circumstantial evidence bearing on the value of the item in the retail market and thus, as here, may call other witnesses to testify that other stores sell the item for less, Husten v. United States, 95 F. 2d 168 (8 Cir. 1938), People v. Irrizari, 5 N. Y. 2d 142, 182 N. Y. S. 2d 361, 156 N. E. 2d 69 (1959) ; or he may introduce evidence suggesting that the item does not have much of a market any more as, for example, where an item has been on the shelf unsold for a long time. People v. Fognini, 374 Ill. 161, 28 N. E. 2d 95 (1940).

It is plainly possible that, given the option, the jury might have acquitted defendant of the felonious theft charge and found him guilty of misdemeanor theft. We recognize the considerable discretion of the trial court in determining whether or not to submit a lesser offense but are constrained to find prejudice in the circumstances of this case where the critical finding of market value is so very close.

Reversed and remanded for a new trial.