**STATE of Minnesota, Respondent,**

v.

**Richard D. STIGEN, Appellant.**

**No. 50561.**

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Kathleen Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, App. Div., David W. Larson, Asst. County Atty., Dorothy Florence and Thomas A. Weist, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of a charge of burglary, Minn. Stat. § 609.58, subd. 2(3) (1978) (unlawful entry of a building with intent to commit a felony or gross misdemeanor therein). The trial court sentenced defendant to a maximum prison term of 5 years. Issues raised by defendant on this appeal from judgment of conviction relate to the sufficiency of the evidence, the admission of *Spreigl* evidence, the admission of evidence that defendant remained silent when he was first questioned by the police, and the trial court's refusal to submit misdemeanor trespass as a lesser offense. We affirm.

The burglary charge arose from defendant's early morning unlawful entry of an unoccupied room in a Minneapolis hotel using one of a large number of hotel keys which he unlawfully possessed. Defendant was caught in the act and one of the other keys, as well as other evidence, connected defendant to a recent unsolved burglary of a different but occupied room in the same hotel, a burglary which facilitated the theft of a number of items of personal property from the guests in that room. We hold that evidence of this prior burglary was properly admitted in defendant's trial. We also hold that the evidence of defendant's guilt was sufficient.

Defense counsel did not object to the prosecutor's apparently unintentional elicitation of evidence that when he was arrested and given a *Miranda* warning defendant declined to talk with the police. Therefore, defendant is deemed to have forfeited his right to have this issue considered on appeal.

There is no merit to defendant's contention that the trial court erred in refusing to submit misdemeanor trespass, Minn.Stat.

§ 609.605(6) (1978). It is questionable whether this is a lesser included offense of the offense with which defendant was charged. In any event, the evidence in this case did not produce a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense. *State v. McDonald*, 312 Minn. 320, 251 N.W.2d 705 (1977); *State v. Malzac*, 309 Minn. 300, 244 N.W.2d 258 (1976); *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975).

Affirmed.