**Donald LeRoy HERME, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CX–85–2115.**

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 22, 1986.

C. Paul Jones, Public Defender, Jonathan G. Steinberg, Assistant Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Barbara J. Harrington, Special Asst. County Atty., Anoka, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying post-conviction relief. Donald LeRoy Herme was convicted by a jury of receiving stolen property valued in excess of $2500 in violation of Minn.Stat. § 609.53, subd. 1(1) (1984). He was sentenced to 65 months in prison. Appellant petitioned for post-conviction relief in the form of a downward departure from the presumptive guideline sentence. He also argues the evidence was insufficient to support his conviction because the State did not prove the stolen goods were valued over $2500. We affirm.

### FACTS

During 1983 and 1984, Dennis Owens of the Minnesota Bureau of Criminal Apprehension and Special Agent Zanzow of the U.S. Department of Alcohol, Tobacco and Firearms worked undercover investigating

stolen property crimes. During this investigation, the agents dealt regularly with appellant Donald LeRoy Herme, Richard Gjerde and Robert Zieman. On May 11, 1984, Gjerde called Owens about a possible gun sale. Gjerde also said he would have something else to sell Owens very soon.

That same day, Northway Construction Company discovered equipment and tools had been stolen during the night. Items taken included an air gun, air staplers, an air nailer, two reels of air compressor hoses and an 8 h.p. air compressor. Later that day, Gjerde called Owens asking where "he could dump" an air compressor and some tools. Owens arranged with Gjerde and Zieman to buy the stolen equipment. Zieman told Owens appellant Herme had stolen the equipment. He said the total package was worth between $4000 and $5000, but that appellant would sell it for $800.

On May 15, 1984 agent Owens called appellant about the stolen equipment. Appellant said he had the air compressor and other tools at his home and wanted $800 for them. Two days later agents Owens and Zanzow met with appellant and Gjerde near a bar in St. Paul and arranged to inspect the stolen articles. They went to Herme's residence, where appellant showed them the stolen equipment which they purchased for $600.

At trial, two Northway employees, carpenter field foreman John Mattson and material's expediter Julie Osterbauer, identified the items Owens purchased from appellant as equipment stolen from Northway Construction Company. Osterbauer testified about the purchase price and approximate age of each of the stolen items. She said most of the equipment was between six months and one year old, with a purchase price of $3325. Mattson testified that the estimated useful life of the equipment was between four and five years. Osterbauer said she had no idea of the equipment's value at the time of trial. Appellant presented no evidence of the equipment's value. The jury found appellant guilty of receiving stolen property valued in excess of $2500.

## ISSUES

1. Is the evidence sufficient to support appellant's conviction for receiving stolen property valued in excess of $2500?

2. Did the post-conviction court err in denying appellant's request for a downward durational departure from the presumptive sentence?

## ANALYSIS

1. This appeal follows a denial of Herme's petition for post-conviction relief. Appellant carries the burden of proof to establish the facts alleged in his petition. *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct.App.1984). The trial court acts as a fact-finder and must decide whether the State has met its burden of proof. An appellate court must evaluate whether the evidence is sufficient to support the trial court's post-conviction findings. *State v. Doughman*, 340 N.W.2d 348, 351 (Minn.Ct. App.1983). A reversal will not occur if the findings are supported by sufficient evidence. The court must view the evidence in the light most favorable to the State and assume the jury believed evidence supporting the convictions and disbelieved any contrary evidence. *State v. Dillard*, 355 N.W.2d 167, 171–72 (Minn.Ct.App.1984), *pet for rev. denied*, (Minn. Oct. 30, 1984).

Appellant contends the evidence was insufficient to support the jury's finding the value of the property exceeded $2500. The post-conviction court found that the jury's verdict had adequate evidentiary support.

Minn.Stat. § 609.52, subd. 1(3) (1984) defines value as:

> retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft * * *.

Agent Owens testified Zieman valued the stolen items between $4000 and $5000, Herme said the value of the air compressor was $2000, and the combined value of the four air impact tools was $1600.

The State presented evidence of the original purchase price and the age of each of the stolen items. Osterbauer, who maintained the purchasing records, testified the stolen items had been purchased in the past six to 24 months and cost $3525. In addition, the jury viewed the items to determine their condition, market value or replacement cost.

In *State v. Arnold*, 292 Minn. 495, 496, 196 N.W.2d 125, 126 (1972), the supreme court held that the jury's opportunity to view the stolen property, coupled with the evidence of what it costs, was sufficient to establish value and comply with statutory requirements. Appellant relies on *State v. Stout*, 273 N.W.2d 621 (Minn.1978) (per curiam), and *State v. McDonald*, 251 N.W.2d 705 (Minn.1977) (per curiam), to support his argument that the retail market value at the time of the theft was not $2500. Both cases hold a price tag reflecting a store's price is not conclusive of market value. In *Stout*, a store owner testified he would have sold a ring to a buyer for less than $2500. The *McDonald* court stated a defendant is free to introduce evidence bearing on an item's market value and call witnesses to testify others sell an item for less.

However, both *Stout* and *McDonald* deal with the theft of new items commonly bought and sold on the retail market. This case deals with used construction equipment, not as easily valued as retail goods, and Herme presented no direct or circumstantial evidence as to the stolen items' value.

■ When evidence is considered in a light most favorable to the jury's verdict and assuming the jury believed the State's witnesses, the evidence was sufficient to support the jury's finding that the value of the stolen property exceeded $2500. The post-conviction court did not err in finding the evidence was sufficient to support the verdict.

2. Herme argues the trial court should have departed downward from the presumptive sentence under the Minnesota Sentencing Guidelines because his actions constituted theft rather than receiving stolen goods. He contends the post-conviction court erred in upholding the imposition of the presumptive sentence.

In *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981), the supreme court stated:

[I]t would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*Id.* at 7.

The scope of review is limited to whether there is sufficient evidence to sustain the findings of the post-conviction court. The post-conviction court found appellant failed to demonstrate the sentencing court abused its discretion in imposing the presumptive sentence in accordance with the guidelines. Minnesota Sentencing Guidelines, II.D.2.a., provide a non-exclusive list of factors which may justify a downward departure. The first three factors—(1) the victim was the aggressor, (2) the offender played a minor or passive role, and (3) the offender lacks substantial capacity for judgment because of physical or mental impairment—are not relevant here. The fourth factor allows a downward departure for other substantial grounds which "tend to excuse or mitigate the offender's culpability." Minnesota Sentencing Guidelines II.D.2.a(4).

■ Although this list of mitigating factors is non-exclusive, a factor must somehow tend to excuse or mitigate the offender's culpability for the offense to justify a downward departure. *State v. Esparza*, 367 N.W.2d 619, 621 (Minn.Ct. App.1985). Appellant was convicted by a jury of the offense charged. The claim that his activities were more like a thief than a fence of stolen goods does not excuse or mitigate his culpability and does not constitute a substantial and compelling

reason for departure. *See State v. Ronning*, 356 N.W.2d 446, 448 (Minn.Ct.App. 1984). Since the trial court is in the best position to determine whether circumstances warrant a departure, we will not ordinarily interfere with a sentence in the presumptive range, even if there are grounds to justify departure. *State v. Dillard*, 355 N.W.2d 167, 175 (Minn.Ct.App.1984) (citations omitted), *pet. for rev. denied,* (Minn. Oct. 30, 1984).

The post-conviction court denied Herme's petition because it believed there were no mitigating factors to justify a downward departure. A review of the record here reveals sufficient evidence to sustain the post-conviction court's findings.

## DECISION

The evidence supports appellant's conviction for receiving stolen property valued in excess of $2500. The trial court did not err in refusing to depart downward from the presumptive sentence.

Affirmed.