**STATE of Minnesota, Respondent,**

v.

**Quintus Todd CLIPPER, Appellant.**

No. C6–88–179.

Court of Appeals of Minnesota.

Oct. 4, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

David Desmidt, Rapoport, Wylde & Hunter, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

SHORT, Judge.

A jury convicted appellant Quintus Clipper of receiving stolen property with a value in excess of one thousand dollars, in violation of Minn.Stat. § 609.53, subd. 1 (1986). Clipper received a 30 month sentence under the Minnesota Sentencing Guidelines, based on an offense severity level of five and a criminal history score of three.

Clipper contends that there is insufficient evidence to support the conviction, and that his criminal history score was improperly calculated. We affirm.

## FACTS

On March 2, 1987, property was stolen from the home of Harold and Elaine Davey in Plymouth. The items stolen included a television, two video cassette recorders, an FM radio, a police scanner, several guns, and some jewelry and wrist watches.

On March 3, 1987, a confidential informant told the Hennepin County sheriff that the stolen property was in Quintus Clipper's apartment in southeast Minneapolis. Detectives from the sheriff's office obtained a search warrant, and went to Clipper's apartment. They arrested Clipper and his brother Justin, and seized property which matched the description of the property stolen from the Davey home.

At trial, Elaine Davey identified the property seized from Clipper's apartment as the property stolen from the Davey home. Photos of the stolen property were introduced in evidence. Harold Davey testified

that all of the electronic equipment was in good working order, and estimated the value of the various items of property based on their original purchase prices. He testified that he paid $250 for the scanner, $40 for the radio, $500 and $350 for the VCRs, $500 for the television, $50 for a gun and holster, and $100 for assorted jewelry. He acknowledged on cross-examination that the current value of some of the older pieces of property might not correspond to their original purchase prices.

Clipper was convicted of receiving stolen property with a value in excess of one thousand dollars, in violation of Minn.Stat. § 609.53, subd. 1 (1986). After Clipper was convicted, a probation officer prepared a pre-sentencing report and a sentencing guidelines worksheet. Clipper was assigned a criminal history score of three, based on two prior felony convictions and three previous misdemeanor convictions.

Clipper was sentenced to 30 months in prison, his presumptive sentence under the Minnesota Sentencing Guidelines based on a criminal history score of three and an offense severity rating of five. Clipper argues on appeal that there is insufficient evidence to prove that the stolen property he allegedly received is worth more than one thousand dollars. He also argues that his criminal history score was improperly calculated.

### ISSUES

1. Is there sufficient evidence to support the jury's conclusion that the stolen property Clipper allegedly received has a value in excess of one thousand dollars?

2. Was Clipper's criminal history score properly calculated?

### ANALYSIS

#### I.

■ Clipper argues that the evidence is insufficient to support the jury's conclusion that the stolen property in this case is worth more than $1,000, as required under Minn.Stat. § 609.53, subd. 1(1) (1986). Minn.Stat. § 609.52, subd. 1(3) (1986) defines the "value" of stolen property as "the

retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft * * *." In determining whether the evidence is sufficient to support the jury's determination that Clipper received stolen property worth $1,000 or more, this court must view the evidence in the light most favorable to the state, and assume that the jury believed the state's witnesses and disbelieved any contrary evidence. See, e.g., State v. Jones, 347 N.W.2d 796, 800 (Minn.1984).

■ Clipper argues that the evidence is insufficient because the state did not present any evidence as to the present replacement value of the property. However, Harold Davey described the age and condition of each item, and the approximate original purchase price. A jury can properly accept an owner's testimony as to the value of his or her own property. See State v. Anderson, 405 N.W.2d 527, 530 (Minn.Ct.App.1987), pet. for rev. denied (Minn. July 22, 1987) (citing Lehman v. Hansord Pontiac Co., 246 Minn. 1, 6, 74 N.W.2d 305, 309 (1955)); Carlson Equipment Co. v. International Harvester Co., 710 F.2d 481, 484 (8th Cir.1983). The jury could therefore accept Davey's testimony as to the purchase prices of the property. Davey testified that the original purchase prices of the property totalled $1,790. Thus, the jury could properly infer that the current replacement value of the stolen property exceeds $1,000. In addition, the jury had the chance to see photos of the stolen goods. The jury's opportunity to view photos of stolen property, coupled with the testimony as to the property's value, is sufficient to support the jury's conclusion that the property is worth $1,000 or more. See Herme v. State, 384 N.W.2d 205, 208 (Minn.Ct.App.1986), pet. for rev. denied (Minn. May 22, 1986) (citing State v. Arnold, 292 Minn. 495, 496, 196 N.W.2d 125, 126 (1972)).

#### II.

Clipper received a presumptive sentence of 30 months under the Minnesota Sentenc-

ing Guidelines, based on an offense severity rating of 5 and a criminal history score of 3. Clipper argues that his criminal history score was improperly computed. He claims that he should not have received a point for a 1980 burglary conviction where imposition of sentence was stayed, and he successfully completed two years of probation.

The probation officer who computed Clipper's criminal history score gave him a point for the 1980 burglary conviction under Minnesota Sentencing Guidelines II.B.1, which provides that offenders must be assigned "one [criminal history] point for every felony conviction for which a felony sentence was stayed or imposed * * * or for which a stay of imposition of sentence was given * * *." Clipper argues that the 1980 burglary conviction must be considered as a misdemeanor conviction under Minn.Stat. § 609.13, subd. 1(2) (1986), which provides:

> [A] conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

■ There is no conflict between the Guidelines and Minn.Stat. § 609.13. The statute concerns the treatment afforded the offender's record. Because imposition of sentence was stayed, the felony conviction for burglary should appear on Clipper's record as a misdemeanor. The statute, however, is silent on the treatment to be afforded the felony conviction for purposes of calculating criminal history points under the Sentencing Guidelines, and evidences no intent to extend its reach to the calculation of criminal history scores under the Guidelines. Thus, the Guidelines may, consistent with the statute, assign a criminal history point for a felony conviction for which imposition of sentence is stayed. *Cf. State v. Cobb,* 403 N.W.2d 329, 330–31 (Minn.Ct.App.1987) (purpose of pardon statute is to restore civil rights, and pardoned conviction may be used in calculating the criminal history score).

■ Clipper also argues that he should not have been assigned a criminal history point for three previous misdemeanor convictions, because the state did not meet its burden of proving that Clipper was represented by counsel or validly waived his right to counsel in connection with the convictions. Clipper has not proffered any evidence to indicate that he was unrepresented or did not validly waive his right to counsel in connection with his misdemeanor convictions.

The Minnesota Supreme Court recently held in *State v. Goff,* 418 N.W.2d 169, 172 (Minn.1988), that a defendant who wants to challenge previous misdemeanor convictions for sentencing purposes has the obligation to notify the state and then to come forward with some evidence indicating that he was not represented by counsel or did not validly waive his right to counsel. The state contends that Clipper has no basis to challenge the misdemeanor convictions, because court records demonstrate that Clipper was represented by counsel.

It is not clear from the record whether Clipper was represented by counsel in connection with his misdemeanor convictions. However, Clipper has failed to offer any evidence that he was not represented by counsel in prior proceedings or that he did not waive his right to counsel. Under these circumstances, Clipper's argument regarding criminal history points for prior misdemeanor convictions is without merit.

## DECISION

Clipper's conviction for receiving stolen goods is affirmed, and the computation of Clipper's criminal history score under Minnesota Sentencing Guidelines is correct.

**AFFIRMED.**