*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1607**

State of Minnesota,
Respondent,

vs.

John Joseph Lynch,
Appellant.

**Filed August 4, 2014
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62CR1110090

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Larkin, Judge; and Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

In an appeal from his conviction of receiving stolen property, appellant argues (1) that the evidence was insufficient to prove that the value of stolen tools exceeded $1,000 because the state only presented evidence of the tools' replacement value and (2) that the district court abused its discretion by admitting an out-of-court statement by a complaining witness regarding the approximate value of stolen tools because it was not a prior consistent statement and its introduction substantially affected the verdict. We affirm.

## FACTS

According to the criminal complaint, on July 13, 2011, St. Paul Police Officer John Corcoran was dispatched to Amidon Graphics, a printing business, to investigate allegations that tools had gone missing and were believed to be stolen. Matthew Connelly, the plant manager at Amidon Graphics, reported to the police that a Makita grinder, Bosch hammer drill, Bosch router, and Milwaukee saw were missing. Because he believed Amidon Graphics was burglarized, Connelly set up a camera near a door and was able to capture the image of a man attempting to enter the premises after hours. Connelly reported that he recognized the man as appellant John Lynch.

Appellant was employed at Amidon Graphics beginning in August 2008, but left employment in May 2011. An investigation of appellant revealed that appellant had pawned power tools matching the description of the tools that were missing from Amidon Graphics. Based on information provided by Amidon Graphics's employees, the stolen

items were valued at $1,043. Appellant was arrested and later charged with one count of third-degree burglary and one count of possessing stolen property. At trial, appellant denied stealing any tools and asserted that the tools he pawned had belonged to him.

Following a jury trial, appellant was acquitted of burglary but found guilty of possessing stolen property in excess of $1,000. Appellant was sentenced to thirteen months in prison, the execution of which was stayed, and appellant was placed on probation for a period of five years. This appeal followed.

**D E C I S I O N**

**I. Sufficiency of the evidence**

In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Appellant argues that the evidence was not sufficient to support his conviction because the state failed to elicit any evidence regarding the retail value of the allegedly stolen tools and only provided evidence of the tools' replacement value. At trial, the state

3

relied upon plant manager Connelly's testimony that the total replacement cost of four of the tools was $1,043, and upon Officer Corcoran's testimony that Connelly told him during his investigation that the value of the missing tools was $1,150. Appellant was convicted of receiving stolen property under Minn. Stat. § 609.53, subd. 1 (2010), which provides for sentencing in accordance with Minn. Stat. § 609.52, subd. 3 (2010). Sentencing for receiving stolen property depends upon the value of the items received. Minn. Stat. § 609.52, subd. 3. "Value" is defined as "the retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft." *Id.*, subd. 1(3) (2010).

Appellant concedes that the state provided evidence of the tools' replacement cost, but argues that the law required the state to either prove the retail market value of the tools or prove that the tools' retail market value was incapable of discernment, and only then may evidence of the tools' replacement value be considered. But in *State v. Clipper*, 429 N.W.2d 698, 700 (Minn. App. 1988), this court affirmed a theft conviction despite the defendant's argument that the evidence was insufficient to show the value of the stolen property where the value was proved by testimony from the property owner regarding the original price paid for the items and the items' present condition. This court concluded that the jury was entitled to accept the owner's testimony regarding the value of the property based on the property's condition and purchase price. *Id.* "The jury's opportunity to view photos of stolen property, coupled with the testimony as to the property's value, is sufficient to support the jury's conclusion." *Id.* No requirement was

4

imposed upon the state to separately prove that the retail value of the stolen goods could not be ascertained. See *id.*

In a similar case, this court upheld a theft conviction despite the defendant's sufficiency-of-the-evidence challenge on the basis of value. *Herme v. State*, 384 N.W.2d 205, 208 (Minn. App. 1986), *review denied* (Minn. May 22, 1986). The state presented evidence of the original purchase price and the age of the stolen items. *Id.* This court again stated that the jury's opportunity to view the stolen property, combined with the evidence of what it costs, was sufficient to establish value. *Id.* (citing *State v. Arnold*, 292 Minn. 495, 496, 196 N.W.2d 125, 126 (1972)). In *Herme*, the testimony established that the items, which, as here, were used construction tools, were originally purchased for a total of $3,525, and were between six and 24 months old. *Id.* This court concluded that this evidence was sufficient for the jury to find that the value of the stolen items exceeded $2,500. *Id.* Again, the state was not required to first prove that the retail market value of the stolen tools could not be ascertained. *See id.*

Appellant argues that these cases are distinguishable because the state never presented evidence of the stolen tools' original purchase price. But the statute defining value does not require the state to present evidence of a purchase price. *See* Minn. Stat. § 609.52, subd. 1(3). Rather, the opinions issued by this court in *Herme* and *Clipper* hold that the state may prove the value of stolen goods using other types of evidence in lieu of direct evidence of retail price or replacement price. The touchstone is whether sufficient evidence was presented such that a reasonable juror could conclude that the value of the stolen items on the whole amounted to more than the minimum value required by statute.

*See State v. Stout*, 273 N.W.2d 621, 623 (Minn. 1978) (stating that the value of stolen goods may be determined based on "direct and circumstantial evidence bearing on the value of the item in the retail market"); *State v. Matousek*, 287 Minn. 344, 352, 178 N.W.2d 604, 609 (1970) ("This court has laid down the rule that as long as the evidence is adequate to show the fair market value of the property taken as being over [the statutory amount], the value element of the crime of theft is established.").

In this case, Connelly testified that he faxed the police a handwritten list of prices based on another employee's internet research. That list established that the prices of the four missing tools that were later recovered were a total of $1,043. The employee who researched the tools' prices testified that the prices he quoted were based on multiple internet websites, and that the prices reflected the "best" or "cheapest" price for a replacement tool. The jury was given an opportunity to view photos of the four recovered tools. And Officer Corcoran testified that during his initial investigation of the crimes, Connelly reported to him that the tools were worth a total of $1,150. Three witnesses also testified that numerous other tools were missing in addition to these four tools. The value of a band saw that was not included in Connelly's price tally of the four tools and was allegedly pawned by appellant in May 2011 was believed to be between $300 and $500 based on witness testimony.[1] Based on these facts, and considering the evidence in the light most favorable to the verdict, we conclude that a reasonable juror could find that the total value of the items stolen was greater than $1,000.

---

[1] Police were unable to recover the band saw from the pawn shop because it had been sold.

Appellant argues that Officer Corcoran's testimony about the prices Connelly quoted him at the start of his investigation is not reliable because Connelly testified that he did not know the value of the tools, he did not own the tools, and because Connelly's initial price quote was higher than the replacement costs later given to him by another employee. But credibility determinations and the weight to be given evidence is the province of the jury. *State v. Pendleton*, 706 N.W.2d 500, 512 (Minn. 2005). And the difference in price between the two figures is only $107. Viewing the evidence in the light most favorable to the verdict, Officer Corcoran's testimony supported the overall evidence that the value of the tools was greater than $1,000.

Appellant also argues that the evidence was insufficient to support the verdict because the state failed to prove that the missing Milwaukee band saw, which was never recovered by the police, was stolen by appellant. According to testimony from two witnesses, the band saw was worth between $300 and $500. Witnesses testified that they began noticing tools were missing in May 2011, shortly after appellant left employment with Amidon Graphics. And on May 24, 2011, appellant pawned a Milwaukee band saw. "While it warrants stricter scrutiny, circumstantial evidence is entitled to the same weight as direct evidence." *State v. Bauer*, 598 N.W.2d 352, 370 (Minn. 1999). Minnesota courts follow a two-step analysis in circumstantial-evidence cases. *State v. Andersen*, 784 N.W.2d 320, 329 (Minn. 2010). The first step is to determine the circumstances proved, and the second step is to examine the reasonableness of all inferences that could be drawn from the circumstances proved. *Id.* In identifying the circumstances proved, reviewing courts defer to the jury's acceptance of the proof of these circumstances; but a

reviewing court independently considers the choice between reasonable inferences. *Id.* There must be "no other reasonable, rational inferences that are inconsistent with guilt." *Id.* (quotation omitted). The fact that the saw went missing shortly after appellant left employment with Amidon Graphics, that appellant pawned a very similar saw, and that numerous other tools went missing and were similarly pawned by appellant supports the inference that appellant also stole and pawned the missing band saw.

## II.     Prior consistent statement

Appellant also argues that the district court erred by admitting Connelly's statement to Officer Corcoran regarding the value of stolen tools as a prior consistent statement, and that this error was prejudicial, requiring a new trial. "Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). Hearsay, which is a statement other than the one made by the declarant while testifying at the trial, and offered to prove the truth of the matter asserted, is not admissible. Minn. R. Evid. 801(c). But a witness's prior consistent statement is not hearsay so long as the declarant testifies at the trial and is subject to cross-examination concerning the statement, and the statement is "consistent with the declarant's testimony and helpful to the trier of fact in evaluating the declarant's credibility as a witness." Minn. R. Evid. 801(d)(1)(B). Prior to admitting a statement under rule 801(d)(1)(B), a district court must initially make two determinations. *State v. Bakken*, 604 N.W.2d 106, 109 (Minn. App. 2000), *review denied* (Minn. Feb. 24, 2000). First, the district court must determine whether the witness's credibility has been challenged. *Id.* Second, the district court must determine whether

8

the statement would be helpful to the trier of fact. *Id.* Mere repetition of a statement is not sufficient; rather, it should bolster the witness's credibility by "showing a fresh complaint, obviating an improper influence or motive, providing a meaningful context, or demonstrating accuracy of memory." *Id.*

Appellant argues that Connelly's prior statement to Officer Corcoran should not have been admitted because Connelly's credibility had not been challenged. But on cross-examination, Connelly was questioned regarding the basis for his knowledge about the tools. Testimony was elicited that Connelly did not know how many tools Amidon Graphics had, did not keep any records of them, had very little personal knowledge of the tools, and did not purchase the tools himself. Testimony was also elicited on cross-examination that Connelly faxed the list of tool values after the tools were recovered, suggesting that there might have been an inconsistency between the tools that were taken and the ones that were recovered. Therefore, the statement could properly have been admitted to show the absence of improper influence or motive on Connelly's part in determining the values of the missing tools.

Appellant also argues that the statement should not have been admitted because it was not consistent with Connelly's testimony. "The trial testimony and the prior statement need not be verbatim." *Bakken*, 604 N.W.2d at 109. The prior statement need only be "substantially consistent" with the trial testimony. *State v. Zulu*, 706 N.W.2d 919, 924-25 (Minn. App. 2005). The state argues that Connelly's statement to Officer Corcoran was consistent with Connelly's faxed valuation because both indicated a value in excess of $1,000. Although Connelly did not testify that he gave an estimate of the

9

value of the missing tools to Officer Corcoran before later submitting the fax, Connelly's testimony overall was consistent with Officer Corcoran's testimony that the value of the recovered tools was greater than $1,000. Therefore, the district court did not err by admitting this statement as a prior consistent statement.

**Affirmed.**