*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1204**

State of Minnesota,
Respondent,

vs.

Vennie Jerome Williams,
Appellant.

**Filed August 10, 2015
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-13-3130

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Larkin, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his conviction of felony theft (aggregate value over $5,000),

arguing that the state failed to prove beyond a reasonable doubt that the aggregate value

of the stolen property exceeded $5,000. Appellant also challenges his enhanced felony convictions for theft and attempted theft and enhanced felony sentence for attempted theft. We affirm.

**FACTS**

In early 2012, a pattern of iPad thefts emerged at metro-area Target stores. A person would approach a Target employee and ask to exchange an iPad. In accordance with protocol, the employee would remove an iPad from a locked case in the electronics department and personally deliver it to the customer-service counter to facilitate the requested exchange. The person then would remove the iPad from the customer-service counter and leave the store without exchanging or paying for it. Consistent with this modus operandi, a man stole an iPad from the Nicollet Mall Target store on January 26, 2012; stole an iPad from the same store on February 10; and attempted to steal an iPad from the same store on March 27.

On February 4, 2012, without permission, a man took a customer's computer and iPod from behind a service counter at the Ridgedale Mall Apple Store and left the store. On April 9, without permission, a man took a customer's computer from a service counter at the Ridgedale Mall Apple Store and left the store.

Respondent State of Minnesota identified appellant Vennie Williams as the suspect in the thefts and attempted theft and, as pertinent to this appeal, charged Williams with one count of attempted felony theft and five counts of felony theft, including one

count of felony theft (aggregate value over $5,000).[1] The count of attempted felony theft and two counts of felony theft were enhanced based on Williams's June 2008 felony theft conviction. Williams waived his jury-trial right, and the district court conducted a bench trial. The state presented testimony from a senior Target protection specialist, three Target asset protection specialists, two off-duty police officers who worked for Target, a Target electronics-department employee, an Apple Store manager, an Apple Store customer, an Apple Store loss-prevention manager, and a former retail investigator. The state also introduced video surveillance footage and still images from the thefts and attempted thefts.

The district court convicted Williams of five counts of felony theft and one count of attempted felony theft. The court found that Williams stole property with an aggregate value over $5,000, based on its findings that Williams stole an iPad worth $699, an iPad worth $729.99, a computer worth $1,200, and a computer worth $2,500. The court also found that Williams attempted to take an iPad worth $829.99. The court sentenced Williams to 27 months' imprisonment for felony theft (aggregate value over $5,000) and concurrently to imprisonment for one year and one day for attempted theft.

This appeal follows.

---

[1] The state charged Williams with two additional counts of attempted felony theft, involving incidents on January 27, 2012, at the Shingle Creek Parkway Target store, and February 17, 2012, at the Lake Street Target store. The state dismissed one count, and the district court acquitted Williams of the other count.

## D E C I S I O N

### *Sufficiency of the evidence*

Williams argues that his conviction of felony theft (aggregate value over $5,000) is not supported by sufficient evidence. "[Appellate courts] use the same standard of review in bench trials and in jury trials in evaluating the sufficiency of the evidence." *State v. Palmer,* 803 N.W.2d 727, 733 (Minn. 2011). "[Appellate courts] review the evidence to determine whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a [fact-finder] could reasonably conclude that the defendant was guilty of the offense charged." *State v. Fairbanks*, 842 N.W.2d 297, 306–07 (Minn. 2014) (quotation omitted). "In conducting that review, [appellate courts] assume the factfinder believed the State's witnesses and disbelieved any evidence to the contrary." *State v. Hohenwald*, 815 N.W.2d 823, 832 (Minn. 2012).

Williams's conviction of felony theft (aggregate value over $5,000) is based on his violation of Minnesota Statutes section 609.52, subdivisions 2(a)(1), 3(2), 3(5) (2010). Section 609.52, subdivision 3(5),

> provides in part that "in any prosecution under [specified provisions of the theft statute] the value of the money or property received by the defendant in violation of any one or more of the [specified] provisions within any six month period may be aggregated and the defendant charged accordingly."

*See State v. Hanson*, 285 N.W.2d 483, 485 (Minn. 1979) (quoting 1978 version of section 609.52, subdivision 3(5), and noting that supreme court upheld the constitutionality of the statute in *State v. Mathiasen*, 273 Minn. 372, 378–79, 141 N.W.2d 805, 810 (1966)). The

4

word "value" in section 609.52 "means the retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft." Minn. Stat. § 609.52, subd. 1(3) (2010).

Here, the district court found that the value of the property that Williams stole on February 4, 2012, was $1,200. The evidence to support the court's finding was the Apple Store loss-prevention manager's testimony that the computer had an estimated value of about $1,100 and the iPod had an estimated value of about $199. Williams argues that the evidence was insufficient because the manager only estimated the values and did not specify whether the estimated values constituted retail market values or replacement costs.

The district court also found that the value of the computer that Williams stole on April 9, 2012, was $2,500. The evidence to support the court's finding was as follows: (1) the Apple Store manager's testimony that the store replaced the stolen computer with the "most comparable" computer, valued at $2,649; and (2) the customer's testimony that he purchased the stolen computer for $2,000 or $2,200 about two years before the theft, that he paid "several hundred dollars" to replace the stolen computer's hard drive, and that the stolen computer had 40 to 50 applications, some of which cost between $20 and $80, and Microsoft Office, which cost about $200. Williams argues that this testimony constituted replacement-cost evidence that could be considered only if the state first proved that retail market value could not be ascertained.

Williams's property-value arguments are unavailing. We have affirmed at least one conviction that was based in part on property-valuation testimony that did not specify

how the value was determined. *See Herme v. State*, 384 N.W.2d 205, 207–08 (Minn. App. 1986) (concluding that evidence was sufficient to support jury's finding that value of stolen property exceeded $2,500, although valuation evidence did not include specifics as to retail market value or replacement cost), *review denied* (Minn. May 22, 1986). We also have affirmed a conviction for which the value of stolen property was proved primarily by the owner's description of the age and condition of the property and the "estimated . . . value of the various items of property based on their original purchase prices." *See State v. Clipper*, 429 N.W.2d 698, 699–700 (Minn. App. 1988); *see also State v. Arnold*, 292 Minn. 495, 496, 196 N.W.2d 125, 126 (1972) (holding that owner's testimony about price of property purchased two years before theft and jury's physical observation of property "constituted a substantial compliance with the statute").

We conclude that, viewed in the light most favorable to the verdict, testimony of the Apple Store manager, the Apple Store loss-prevention manager, and the customer about the value of the stolen computers and iPod constituted substantial compliance with section 609.52, subdivision 1(3), and was sufficient to prove the value of the stolen property.

***Enhanced felony convictions and sentence***

The district court found that Williams had a June 2008 conviction for felony theft and therefore entered enhanced felony convictions for each count of theft and attempted theft that involved property with a value of more than $500 but not more than $1,000. The court also imposed an enhanced felony sentence for the count of attempted theft.

6

Williams argues that the court erred by entering the enhanced felony convictions and imposing the enhanced felony sentence.

A person who "commits theft" may be sentenced "to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if [certain] circumstances exist," including that "the value of the property or services stolen is more than $500 but not more than $1,000 and the person has been convicted within the preceding five years for an offense under this section, . . . and the person received a felony or gross misdemeanor sentence for the offense." Minn. Stat. § 609.52, subd. 3 (2010). Williams argues that "the preceding five years" is measured from the date a person is sentenced for a current theft offense. We are not persuaded.

"Statutory interpretation is a question of law that is subject to de novo review." *State v. Nodes*, 863 N.W.2d 77, 80 (Minn. 2015). "[An appellate court's] primary objective in interpreting statutory language is to give effect to the legislature's intent as expressed in the language of the statute." *Nichols v. State*, 858 N.W.2d 773, 775 (Minn. 2015) (quotation omitted). "The first step in statutory interpretation is to determine whether the statute is ambiguous on its face." *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). "A statute is ambiguous only when the statutory language is subject to more than one reasonable interpretation." *State v. Fleck*, 810 N.W.2d 303, 307 (Minn. 2012). "When the Legislature's intent is clear from the unambiguous statutory language, [appellate courts] apply the plain meaning of the statute." *State v. Franklin*, 861 N.W.2d 67, 69 (Minn. 2015).

7

We conclude that the statutory language is unambiguous and that "the preceding five years" is a look-back period that begins when the offender "commits theft." Section 609.52, subdivision 3, provides that if certain "circumstances exist," including that a "person has been convicted [of felony or gross-misdemeanor theft] within the preceding five years," and the person "commits theft," an enhanced five-year sentence is available. Under the plain language of the statute, the prior conviction must exist at the time that the theft is committed. To embrace Williams's argument, we would be required to conclude that enhancement may be based on any conviction entered after the commission of the present theft and before sentencing for the present theft. If the legislature intended this result, it could have made an express reference to the sentencing date. But the legislature did not make an express reference to the sentencing date, and "[appellate courts] cannot rewrite a statute under the guise of statutory interpretation." *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 438 (Minn. 2009). We will not add words to a statute. *See In re Civil Commitment of Ince*, 847 N.W.2d 13, 24 (Minn. 2014) ("[Appellate courts] will not add words to a statute that the Legislature has purposely omitted or inadvertently overlooked." (quotation omitted)).

Because we interpret section 609.52, subdivision 3, to mean that a defendant may be subject to an enhanced sentence if he was convicted of felony or gross-misdemeanor theft within five years preceding the commission of another theft offense, we conclude that the district court did not err by entering the enhanced felony convictions and by imposing the enhanced felony sentence.

**Affirmed.**

8