*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1376**

State of Minnesota,
Respondent,

vs.

Robert Darryl Boettcher,
Appellant.

**Filed August 31, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-14-3450

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Melissa Sheridan, Eagan, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges his conviction of felony theft—aggregate value over $1,000 on the ground that the state failed to prove that the aggregate retail market value of the

items stolen exceeded $1,000. Because the evidence was sufficient to allow the fact-finder to reach its verdict that appellant had stolen items with an aggregate value over $1,000, we affirm.

## FACTS

Appellant Robert Boettcher visited a Target store on January 12, 18, and 23, 2014. On each day, he was videotaped taking items for which he did not pay. On January 12, he was shown taking a $49 computer case from the shelf and ripping off its tag, taking a $389 computer from the pedestal on which it was displayed and putting it in the case, and taking a $59 computer charger from the shelf and putting it in the case. These items were collectively worth $497, and appellant did not pay for them when he left the store. Testimony from a Target employee indicated that the display computer was fully functional when it was taken.

On January 18, appellant was shown taking a backpack, then several other items, including a $39 pair of headphones, a $99 Roku 3 player, a $219 baby monitor, a $59 digital recorder, and a $28 pack of batteries, and checking out without putting the backpack or the items in it on the conveyor belt. He left the store without paying for the backpack or the $444 worth of items it contained.

On January 23, appellant was shown putting on a $39.99 sweatshirt and a $15.99 pair of gloves, both of which he wore out of the store without paying for them. Their value was $55.98.

When police officers executed a search warrant of appellant's home, they found the computer case containing the computer and the charger, the digital recorder, the

batteries, the Roku 3 player, and the baby monitor.[1]  Appellant was arrested and taken to jail, where he admitted taking the computer, which he said did not work, some clothes, and a Roku player without paying for them, but said he took "nothing felony level."  He was charged with one count of felony theft—aggregate value over $1,000 ($497 + $444 + $55.98 = $996.98; backpack found to be worth at least $3.02).

Appellant waived his right to a jury trial.  After a bench trial, he was found guilty of felony theft and sentenced, as a career offender, to 30 months in prison.  He argues that the state failed to prove he stole items with an aggregate value of over $1,000.

### D E C I S I O N

In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to allow the fact-finder to reach the verdict that it did.  *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).  This court will not disturb a verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense.  *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

The value of a stolen item is its "retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property."  Minn. Stat. § 609.52, subd. 1(3) (2012).  Appellant challenges the district court's findings

---

[1] Officers also found 3.195 grams of methamphetamine and a pipe.  Appellant was later charged with third-degree controlled substance crime—methamphetamine possession.  The district court found him not guilty of that charge.

that the stolen computer was worth $389 and the stolen backpack was worth at least $3.02.

**The Computer**

A Target employee testified that items used for display are not for sale. Appellant argues that, because the display computer he stole was not for sale, it had no retail value. But the retail value of an item is its usual selling price; it is not necessary that the item actually be for sale. *See* Minn. Stat. § 609.895, subd. 1(e)(1) (2014) (defining "retail value" in the context of counterfeited intellectual property). This argument leads to an absurdity: if only items that are for sale have a retail market value and display items are not for sale, it is not theft to take any display item from a store.[2]

Appellant also argues that the computer had no retail value because it did not work. This argument leads to a conundrum: either the computer did work when appellant stole it, in which case its retail market value as a working computer was $389, or it did not work, the retail market value of a nonworking computer cannot be ascertained, the replacement cost must therefore be used to establish the value, *see* Minn. Stat. § 609.52, subd. 1(3), and its replacement cost is $389.

A Target security officer testified that, although the computer appellant stole was not working at the time of trial, computers used for display are "the same functioning

_____

[2] While there appears to be no Minnesota case addressing this argument, it was rejected in *Little v. Commonwealth*, 722 S.E.2d 317, 321 (Va. App. 2012) (concluding that, although stolen cell phones were display items and therefore not for sale, they came from the same inventory as the new phones that were for sale and that their replacement value "closely approximate[d] their actual value" and could be considered for the purposes of the theft charge).

computer as a normal computer that you['d] buy. You're able to search the Web [and] just use it as a normal computer." When asked, "[I]s the display computer a functioning computer?" he answered, "Yes." When appellant was asked, "[S]o you saw [the computer] at the store and it didn't seem to work at the store?" he answered, "Right." When asked, "[w]hy did you pick that computer to take?" he answered, "Because it was already popped open . . . . and I was like oh I can easily just put this in a bag and walk right out and so that's what I did." Appellant also testified, "I figured I'll grab the charger and bring it home and charge it that way. . . ."

The district court did not find appellant's testimony credible and told appellant at sentencing:

> I do realize that you think that the laptop itself wasn't functioning and so [the] laptop shouldn't be part of the equation [i.e., the items whose aggregate value was over $1,000] but it is my belief that it was functioning at the time of the theft. If it was not functioning I believe . . . that you wouldn't have taken it[,] . . . and that maybe something happened after the theft when it was in [your] possession [at] your house before the police took it as a part of the search warrant that rendered it not operable.

In reviewing a claim of insufficient evidence to support a conviction, this court recognizes that "[t]he factfinder is the exclusive judge of witness credibility, and this court assumes the factfinder believed the evidence supporting the state's case and disbelieved contrary evidence." *State v. Super*, 781 N.W.2d 390, 396 (Minn. App. 2010), *review denied* (Minn. June 29, 2010). The fact that the computer was not working at the time of trial does not alter the finding that, when appellant took it, it would have cost $389 either to purchase it or to replace it.

**The Backpack**

The district court concluded that "[t]here is no reasonable doubt that the value of the backpack exceeded $3.02," the amount necessary for appellant's aggregate thefts to be over $1,000. Appellant argues that the state failed to prove the fair market value of the backpack or to provide any evidence that its value was over $3.02. At sentencing, the district court observed that "although there was not a specific witness that testified as to the value of the backpack, this Court, based upon its common sense knows that that backpack from Target could not be worth [only] $3.00 and some cents. . . . In fact, I think it would be quite a bit more than $3.00 . . . ."

The trial transcript does not show that either the theft of the backpack or its value was a disputed issue at trial. To argue that the absence of testimony as to an item's worth is fatal to a fact-finder's valuation of that item, appellant relies on *State v. Clipper*, 429 N.W.2d 698, 700 (Minn. App. 1988) (upholding inference that total replacement value of items of stolen property was more than $1,000 in light of testimony that purchase prices totaled about $1,790). But appellant's reliance is misplaced: in *Clipper*, it was acknowledged that "the current value of some of the older pieces of [stolen] property [e.g., electronic items] might not correspond to their original purchase prices." *Id.* Here, the item in question was new and its value was less than half of one percent of the aggregate value of stolen items.

The fact-finder inferred the value of several stolen items in *State v. Bagley*, 286 Minn. 180, 188, 175 N.W.2d 448, 454 (1970) (upholding inference that stolen items found in a defendant's home were worth at least $100 and rejecting the defendant's

6

argument that only items positively identified as taken from one of three stores could be considered in deciding on the total value of the stolen items). The district court's inference that the backpack in which appellant placed $444 worth of other items was itself worth at least $3.02 is well supported by common knowledge and common sense.

**Affirmed.**